## JOHN H. PAYNE v. SHADRACH A. BENHAM.

A plea of former suit pending for the same cause of action, if sustained, will not abate the latter suit; but the plaintiff will be put to his election, which suit he will prosecute, and be required to abandon the other and pay the costs of it.

We have no distinction between law and equity, and both are regarded as blended together; hence, upon questions of costs, as well as matters of form, we are not confined to the strictness of Courts of Common Law jurisdiction.

It is objected, that this suit (for partition) was not brought in conformity with the statute providing for the partition of lands. (Hart. Dig. p. 793.) We do not believe, that it is necessary to discuss the several provisions of the statute; because, it is not restrictive, and does not forbid a resort to any other mode known to judicial proceedings, within the general jurisdiction of our District Courts.

In an action by one tenant in common against another, where the tenancy in common is not admitted, as alleged, that issue should be submitted to a jury, and if found in the affirmative, commissioners should be appointed to view the land, to hear evidence pertinent to the question of division, to assign to each party his portion of the land, with the amount of difference in value, (or, perhaps, in cases unlike the present, compensate a difference in quality or improvements, by a difference in quantity—REPS.,) and to report, upon oath, their action in the matter referred to them, with the evidence on which they acted.

The decree of partition will then be pronounced, upon the basis of the report of the commissioners, without a jury.

Where the interrogatory was, Did the plaintiff make any enquiry of you, in relation to the line or boundary between him and defendant about the time said plaintiff was preparing to build on said land, or at any other time? to which the witness replied, He did; he asked me where the line was, and said that when he agreed to take the upper half of the said tract, he thought that it would take the string of the fence on the upper part of the farm, and those pens and lots; and on the plaintiff's objection, the answer was ruled out, on the ground that the question was leading, and assumed that there was a line or boundary between the parties, it was held that the ruling was erroneous; (but the judgment was not reversed.)

The mere rejection of competent testimony is not sufficient cause for the reversal of the judgment, unless there be reasonable ground to suppose that the verdict might have been different if the testimony had been received.

Payne v. Benham.

Error from Goliad.   Tried before the Hon. James Webb.
The facts are stated in the Opinion.

*F. Faunt Le Roy*, for plaintiff in error.

*Pryor Lea*, for defendant in error.

LIPSCOMB, J.   Benham and Hall, each of them, purchased of Hord two hundred acres of land, to be selected by them from any of the lands of Hord; and they subsequently agreed to locate their lands adjoining, making one undivided tract of four hundred acres.   This selection was made of lands that had been leased by Hord to Payne, on which the latter had made some improvements.   After the lease had expired, Payne purchased from Hall his undivided share of the four hundred acres, and continued in possession; and Benham went into the possession of the upper half of the tract.   It had been agreed that a division line should be run, which was run; but it is contended that Payne was to make up the deficiency of the value of the upper half of the land.   About this line there was much conflict, and uncertainty, in the proof.   It was in evidence, that the upper half was not equal in value, in an unimproved state, to the lower one, occupied by Payne, in the like state, and that the improvements made by Payne, under his lease from Hord, were valuable, and thereby made the difference in the value of the two portions of the four hundred acres still greater.   This suit was brought by Benham against Payne, for a portion of the land, and for damages for the use of the best half of the four hundred acres of land, and for general relief.

The defendant pleaded in abatement, that at the time this suit was brought, there was another suit ₁pending, brought by the plaintiff against the defendant, for the same cause of action.

It appears that this first suit had been dismissed by the plaintiff, before the plea in abatement was filed. The plea in abatement was overruled, and also the defendant's general exception to the petition. The jury found that the plaintiff and the defendant were tenants in common. Commissioners were appointed to divide the land, and hear testimony, and report the same, as to the value of the improvements upon the land made during the tenancy of Payne, under Hord, and the difference in the two divisions, independently of the improvements. These commissioners were sworn, and went upon the land, and heard testimony offered by the plaintiff, the defendant having failed to appear on the day appointed for hearing the evidence, although he was present when the commissioners were upon the land, and had notice of the time when the evidence would be heard. The commissioners returned into Court their report, embracing the evidence taken by them. Their report assigned to Payne the half upon which he resided, the difference in the value of the land, without improvements, and the value of the improvements made before the tenancy had expired, and to Benham the other half of the land. The Court decreed to each the land so assigned to them, and decreed that Payne should pay to Benham the difference in the value of the two divisions, without the improvements, and also that Payne should pay to Benham one half the value of the improvements, made as before stated, and that Benham should have a lien on Payne's share for the payment of the amount decreed to be paid on the division.

The defendant took several exceptions to the report of the commissioners, which were all overruled by the Court.

The appellant has assigned several grounds of error, upon which he asks a reversal of the decree of the Court below. We do not propose to examine all the points made by the counsel for the appellant, but such of them as we regard to be in any degree material.

The first in order is the sustaining plaintiff's demurrer to

the defendant's plea in abatement. The plea was not well pleaded, because it is not shown by the record, that the first suit was for precisely the same cause of action, nor was the record in that case referred to, for proof of the truth of the plea ; and it is certain that its truth should have been tried by the record. We are not disposed to rest the affirmance of the judgment of the Court, on this point, upon any defect in the plea in abatement. If the plea of the pendency of the former suit when this suit was commenced, had been well pleaded according to the Common Law forms of practice, we would nevertheless have sustained the judgment overruling it. We are aware that, by the strict rules of practice in the Courts of Common Law, the fact so pleaded would have abated the suit last commenced. We, however, regard it as a question of cost, not at all involving the merits of the cause of action. If the two suits had been still pending at the time the plea in abatement was filed, we would have required the party to dismiss one and pay the cost, before proceeding to trial with the other. The first suit, however, had been dismissed before the plea in abatement was filed, and that first suit was no longer really in the way ; and the most that could be said against the second suit is, that it was brought too soon, and cannot differ in principle from a case where any other suit had been so prematurely instituted, which was not dismissed from the docket until the time when the cause of action did really exist, in which case we would allow an amendment, on payment of cost ; regarding the time when the amendment was made, as the commencement of the suit. If the cost of the first suit had not been paid when it was dismissed, and that fact had been made known to the Court, a rule could have been obtained, requiring the cost to be paid or secured, before the party would have been permitted to proceed with the suit. The Court, without any express legislative enactment or rule of Court, might, in this way, have protected the party from trouble and expense. If this suit had been abated, the only effect would

have been additional cost in bringing another suit, without
advancing or prejudicing the real matter of right between the
parties ; and the ends of justice are as easily effected, by dis-
missing one suit on the payment of cost, and allowing the other
to remain and progress to trial between the parties. In Courts
where law and equity are regarded as appertaining to separate
jurisdictions, examples have been found of a remedy being
sought concurrently by an action in the one, and a suit in the
other, for the same cause of action ; and in such cases, it is
believed to have been the practice, on application to the Court,
to have the plaintiff put to his election, which he will prose-
cute, and require him to abandon the other.  Such is certainly
the practice, where the two jurisdictions are kept distinct, but
administered at the same tribunal.  We have no distinction
between law and equity, and both are regarded as being
blended together.  Hence, upon questions of costs, as well as
matters of form, we are not confined to the strictness of Courts
of Common Law jurisdiction.

It is objected, that this suit is not brought in conformity
with the statute providing for the partition of lands.  (Hart.
Dig. p. 793, 794.)  We do not believe, that it is necessary to
discuss the several provisions of the statute ; because it is not
restrictive, and does not forbid a resort to any other mode
known to judicial proceedings, within the general jurisdiction
of our District Courts.  The manner in which the partition is
sought, in this case, is well known and familiar to those who
are at all acquainted with equity jurisprudence ; and often we
meet with cases where it is more appropriate than the statu-
tory remedy ; and it is especially so, where the right to a parti-
tion is contested. In this case, the fact of a tenancy in common
was contested.  This fact being found by the jury, we can per-
ceive no objection to the appointing of commissioners to exa-
mine the land, to hear evidence, to sever the tenancy in com-
mon, by applying to each party his portion of the land, with
the amount of difference in value, and to report, upon oath,

their action in the matter referred to them, with the evidence on which they acted. This is believed to be the usual course in such cases. Nor is it believed that any other method is so well calculated to attain the ends of justice. Without examining the land and hearing evidence of its relative value, their award would not unfrequently be capricious and unjust.

There is no error in the Court basing its decree upon the report of the commissioners ; nor in decreeing that the plaintiff should have a lien on the defendant's share of the land for the amount of its valuation, over the portion of the plaintiff. This pecuniary compensation is founded upon the superior value of the defendant's share of the land ; and it is equitable and just that it should be secured by a specific lien on the land, for the amount of such superior value.

The next ground, relied on by the appellant, is the rejection of the answer of Gibbons, to an interrogatory propounded to him, under a commission to take his testimony. The interrogatory is as follows, i. e.:

Did the plaintiff (Benham) make any inquiry of you, in relation to the line or boundary between him and defendant, (Payne) about the time said Benham was preparing to build on said land, or at any other time ? The answer to this interrogatory was, " He did : he asked me where the line was, and " said that when he agreed to take the upper half of the said " tract, he thought that it would take the string of the fence " on the upper part of the farm, and those pens and lots." This answer was rejected by the Court, on the ground that the question to which it responded was a leading one, and that it assumed that there was a line or boundary between the parties. We do not regard the question as obnoxious to the objection made, and believe the answer ought to have been permitted to go to the jury. We think the Court erred in ruling it out, and for this error would be constrained to reverse the judgment, if there was any reasonable ground to suppose that the verdict of the jury would have been different, had the rejected

evidence been received. But we can perceive no ground to believe that the verdict of the jury would have been different. If the evidence rejected had been before the jury, and the jury had believed it true, yet, they might well have returned the same verdict that they did return ; because their verdict is not incompatible with that evidence, and the truth of both can stand together. There is no controversy as to the understanding between the parties, that Payne should remain on the lower half, and Benham was to have the other half, but conditioned that the difference in valuation was to be paid by Payne ; and this was, in reality, the main ground of difference between the parties. Payne having failed to make good this difference, the agreement fell with the failure, and it was necessary to resort to this action for a fair and just partition. The failure in the attempted compromise, left the parties as they were before, and did not work a severance of the tenancy in common. The jury found that they were tenants in common, and this finding is compatible with the truth of the rejected evidence ; and in such cases it has been the practice of this Court to affirm the judgment, although the Court below may have erred in rejecting legal evidence, or in the admission of improper evidence. The judgment is affirmed.

Judgment affirmed.