## WILLIAM OLDHAM v. MARGARET ERHART.

Where the plaintiff sues to enjoin an execution on the ground that the judgment had become dormant by reason of the failure to issue executions at proper intervals, the defendant may plead said judgment in reconvention, and obtain judgment for the amount due thereon.

A plea of former suit pending, in abatement of a plea in reconvention, is bad, when such former suit has been dismissed at the time of filing the plea in abatement, although it was pending at the time of filing the plea in reconvention.

Appeal from Burleson.   Tried below before the Hon. R. E. B. Baylor.

Suit by appellant to enjoin an execution, on the ground that the judgment had become dormant by reason of the failure to issue executions from year to year.   The defendant answered by plea in reconvention, setting out all the facts, allowing credits for payments made, and praying judgment for the balance due.   The plaintiff excepted to the plea in reconvention, and pleaded in abatement thereof the pendency of a suit to revive the judgment, commenced after the petition filed in this case.   It appeared that the suit to revive was dismissed after the plea in reconvention was filed, but before the filing of the plea in abatement.   There was no controversy about the facts.   The Court gave judgment against the defendant, enjoining the execution and for costs of same ; and overruled the exceptions to the plea in reconvention, and submitted said plea to a jury ; verdict and judgment for defendant for the amount due on the judgment ; from which plaintiff appealed.

*G. W. White*, for appellant.

*Rogers*, and *Hancock & West*, for appellee.

HEMPHILL, CH. J. We are of opinion that there is no error in the judgment. The plaintiff avers the execution to have been void. This is not disputed by the defendant. Of course there can be no controversy on that point.

The defendant alleges facts in her cross petition, which would entitle her to a recovery. These are sustained by proof, and the verdict could not be set aside for the want of evidence.

Nor was there error in overruling the plea in abatement. The suit to revive by *scire facias* had been discontinued before the plea in abatement to the cross petition was filed, and in a case decided at the last Term, not yet published, it is believed to have been held that a plea setting up the pendency of a prior suit, should not be sustained, provided that before the filing of the plea, the first suit were discontinued.

Judgment affirmed.