SHARKEY v. KIERNAN *et al.*, SHARKEY, *Appellant*.

**Partition**: PENDENCY OF ANOTHER SUIT : PRACTICE. In the trial of a partition suit, when it appears that there is another suit pending between the same parties, with reference to the same land and involving adverse claims of title thereto, all proceedings should be suspended until the determination of the prior suit.

*Appeal from St. Louis City Circuit Court.*—HON. W. H. HORNER, Judge.

REVERSED AND REMANDED.

*M. F. Taylor* and *F. M. Estes* for appellant.

*F. K. Ryan* for respondent.

RAY, C. J.—This is a suit in partition by plaintiff against defendants brought to the December term, 1884, of the circuit court of the city of St. Louis, Missouri. The petition alleges that plaintiffs and defendants are tenants in common of the described real estate as heirs at law of Catherine McLaughlin, who owned the same in fee-simple and died intestate. On the part of plaintiff, testimony was offered tending to sustain the allegation of the petition and to authorize the decree, from which only one of the defendants, to-wit, said Julia Sharkey, has appealed.

At the trial, said Julia Sharkey, in her own behalf, offered in evidence, without objection, the judgment and proceedings had in a certain other cause instituted by her as plaintiff in June, 1883, in the said circuit court of St. Louis against this plaintiff and her co-defendants in this suit, the object of which was to vest in her the title to the whole property involved in this partition suit under a parol agreement alleged ·to have been made by one James McLaughlin and his wife Catherine McLaughlin in the lifetime of the husband, and by said Catherine after the death of the said husband, the purport of which was, in brief, to adopt the said Julia Sharkey as their child and to leave her their said property at their death. To the petition of said Julia Sharkey in said former suit the present plaintiff, Thomas Sharkey, and said Annie McDermott, although personally served, made no appearance and judgment was taken by default against them. Other defendants in the former suit, being also co-defendants with said Julia Sharkey in the present suit in partition, did appear in said former suit in equity and filed a demurrer to the petition therein upon the ground (so far as it is necessary to now state) that the same did not state facts sufficient to constitute a cause of action, which demurrer was sustained and final judgment entered thereon in favor of the defendants

so demurring, and at the same time the judgment by default was made final as to the defendants not appearing, one of whom was, as we have seen, Thomas Sharkey, the plaintiff in this suit in partition. From the judgment, sustaining said demurrer, so interposed by some of the defendants as aforesaid, said Julia Sharkey prosecuted her appeal to the St. Louis court of appeals, where the judgment was affirmed, and then to this court, where, as both parties in their respective briefs in this court concede, the judgments, both of said circuit court and said St. Louis court of appeals, were reversed and the cause remanded, this court there holding that the petition contained and set forth a good cause of action, and such, as if proved, would entitle the plaintiff to a specific performance of the said alleged parol agreement. *Sharkey v. McDermott,* 91 Mo. 647.

Upon this state of the record, the parties here claim and urge conflicting theories; (1) as to the force and effect of the judgment by default, made final at the hearing of the former suit between these parties; and (2) as to the force and effect of the judgment of reversal and remanding by this court, on appeal, by plaintiff in said prior suit; the one party claiming a reversal and remanding in this partition suit, by reason of said judgment by *default* in the former suit; and the other asking an *affirmance,* on account of the judgment of reversal and remanding, subsequently obtained in this court, on appeal by plaintiff, in former suit.

From the view we have taken of this record and the questions arising thereon we deem it unnecessary and unadvisable at this time to consider or pass upon these conflicting propositions. When it was made to appear, in the progress of the trial of the partition suit, in the court below, that there was a former suit still pending on appeal to the supreme court, between these same parties, in reference to these same lands, and involving adverse claims of title thereto, the proper thing for the

trial court to have done under the facts of the case was to suspend all further proceedings in the partition suit until the determination of the controversy in the prior suit. In order therefore to avoid all further complications, and the possible infliction of irreparable loss to one or the other of these litigants, we deem it all the more important, and also, agreeable to law, that this court shall, in effect, do, so far as possible, what the trial court should have done ; and to that end, the judgment of the lower court in this partition suit is reversed and the cause remanded, with directions to await the determination of the controversy in the former suit; which, in the absence of anything appearing to the contrary, we may fairly presume is still pending in the court below since its reversal and remanding on appeal to this court, as aforesaid, and it is accordingly so ordered. R. S. 1879, sec. 3776. SHERWOOD, BLACK and BRACE, JJ., concur ; SHERWOOD and BRACE, JJ., in the result ; BARCLAY, J., not sitting.