TEXAS AND PACIFIC RAILWAY COMPANY V. SCOGGIN AND BROWN.

Decided March 17, 1906.

1.—Order for Cars—Failure to Furnish—Single Cause of Action—Plea in Abatement.

In a suit for damages for failure to furnish cars ordered for the shipment of 433 cattle and for damages during transportation, the defendant plead in abatement that only one order was made for cars for the shipment of the entire herd of cattle, consisting of 634 head; that the shipments were all made at the same time and upon similar contracts, the only difference being that the cattle were shipped to three different places, and that two suits were then pending for damages to the other two shipments because of the delay in furnishing cars. The evidence supported the plea. Held, error for the court to instruct the jury to find against defendant on said plea.

2.—Damages During Transportation.

Such plea in abatement did not relate to nor preclude recovery for damages to said cattle during transportation.

Appeal from the District Court of Mitchell County. Tried below before Hon. James L. Shepherd.

*Wagstaff & Davidson,* for appellant.—There being evidence to show that the plaintiff ordered all the cars at one time for the cattle that went to Fort Worth, Kansas City and East St. Louis, and that the cattle were all to be shipped at the same time, and that the cattle were held together; and it being further shown that there were two other suits pending in different courts for delay by reason of not furnishing the cars as ordered, the plaintiff did not have the right to maintain this suit for that part of the cause of action, and the court should have given the instruction requested. Mallory v. Dawson Cotton Oil Co., 74 S. W. Rep., 954; Eisenhower v. School District, 13 Pa. Super. Ct., 51; Baird v. United States, 96 U. S., 430.

*Ed. J. Hamner,* for appellee.—The court did not err in refusing to give defendant's special charge No. 1, nor in giving the seventh paragraph of the general charge, because the subject matter of the relief sought in this suit was not the same as in the former suits, and each of said suits were separate causes of action, and the former suits were not res adjudicata or lis pendens as to this suit. Houston & T. C. Ry. v. Perkins, 2 Wilson's Civ. Cases, sec. 521; Watson v. Texas & P. Ry., 27 S. W. Rep., 924; Lucas v. Heidenheimer, 3 Wilson's Civ. Cases, sec. 360; St. Louis, I. M. & S. Ry. Co. v. Henderson, 3 Wilson's Civ. Cases, sec. 346; Granger v. Wayne, 15 Am. Rep., 196; Mandeville v. Avery, 21 Am. St. Rep., 678; Mattingly v. Elder, 44 S. W. Rep., 215; Goff v. Welborn, 24 S. W. Rep., 871; Payne v. Benham, 16 Texas, 364; Bryan v. Alford, 1 W. & W. Civil Cases, sec. 85.

CONNER, CHIEF JUSTICE.—This suit was instituted in the District Court of Mitchell County on the 26th day of November, 1904, for damages to 433 cows shipped from Colorado City on the 18th day of December, 1902, to Fort Worth, Texas, and thence to East St. Louis,

Missouri. It is alleged that appellees ordered cars for the shipment in question for the 28th day of November, 1902, but that appellant failed to furnish them until said 18th day of December; that during the enforced delay appellees were compelled to hold their cattle at certain specified expenses in insufficient pastures, whereby the cattle greatly depreciated in weight and market value. It is also alleged that after the shipment began there was negligent delay, rough handling, etc., whereby the cattle were injured.

Appellant in answer, among other things, pleaded in abatement to the effect that the order for cars declared upon by appellees was for twenty-five cars altogether, within which appellees intended to ship and afterwards did ship about 117 head of cattle to Kansas City, Missouri, and 84 head to the cattle market at Fort Worth, Texas; that the said 117 and said 84 cows were parts of the same herd of cattle, which included those involved in the present controversy; that as before stated the cars for the entire shipment were ordered at the same time, that the shipments were made upon the same date and upon like contracts, the difference being only as to points of destination; that two separate suits prior to the filing of the plea had been instituted by the appellees in the County Court of Mitchell County for damages to said 117 cattle shipped to Kansas City and to said 84 cattle shipped to Fort Worth; that the greater part of the damage claimed by appellees in each of said suits as well as in this suit, was because of the alleged negligent delay in the delivery of cars; that one of said suits in the County Court had been prosecuted to judgment and was still pending on appeal in this court; that the other suit in the County Court was still pending therein, and appellant prayed that at least that part of the appellee's action in this suit based upon the claim for damages because of delay in the delivery of cars, be abated.

The facts proven upon the trial supported the plea in abatement, and appellant by special charge No. 1 sought to have the jury instructed in accordance with its prayer, in event the jury should find the facts as alleged in the plea. This charge was refused and the court peremptorily instructed the jury to find against appellant on said plea. The trial resulted in a judgment for appellees for the full amount claimed, to wit, $1,690.26.

We think the court erred in refusing the charge mentioned and in giving the peremptory instruction stated. The facts without dispute show that the cattle constituting the three shipments mentioned in the plea of abatement, composed a single herd; that the order for cars was for such number as was sufficient for the shipment of the entire number; that it was but a single order; that the shipments were all made at the same time and upon contracts limiting appellant's liability to its own line; that the damages sought in each case was composed largely of damages done appellee's cattle at Colorado City, consequent upon delay in the delivery of cars; that one of the suits was still pending and being prosecuted by appellees in the County Court; that the other had been prosecuted to judgment in their favor, and was still pending in this court. Appellees having prosecuted even to judgment prior suits in which the precise issue was presented, they should not have been permitted to again litigate the same matter in this suit. The fact that

in the prior suits the result of the alleged delay in furnishing cars to the particular cattle involved in this shipment was not considered, can not alter the rule. The case is not other in principle than if appellee had instituted separate suits for the recovery of the damages done to each car of cattle, rather than to each trainload involved in the entire shipment. The vice in the procedure is in the attempt to subdivide or split up the cause of action. The cause of action for damages occurring at Colorado City was a single one, viz., a negligent failure to deliver cars after order therefor, which operated upon and resulted alike to all of appellee's cattle at the same time, and all of the consequences proximately flowing from the single act of negligence should have been included in a single suit. To allow needless separate suits upon the same cause of action is to impose unauthorized penalties upon the offending litigant, and to require of the courts repeated determination of the same issue, a practice that needs only to be stated in order to receive condemnation. See Freeman on Judg.; sec. 241; St. Louis S. W. Ry. v. Moss, 9 Texas Civ. App., 6; Payne v. Benham, 16 Texas, 364; Harby v. Patterson, 59 S. W. Rep., 63; Trawick v. Martin Brown Co., 74 Texas, 522; Texas & P. Ry. Co. v. Kenna, 52 S. W. Rep., 555; Mallory v. Dawson Cotton Oil Co., 74 S. W. Rep., 954; Eisenhower v. School District, 13 Pa. Super. Ct., 51; Baird et al. v. United States, 96 U. S., 430.

Appellant does not assert as a proposition under any assignment of error that the matter in abatement pleaded and proven will exclude recovery for damages, if any, resulting from appellant's independent separate negligence and wrongs, if any, after the transportation of the cattle in question began, and we are not inclined to so hold. In view of another trial, therefore, we suggest that the court should have permitted the introduction of the evidence set out in appellant's first assignment of error. Clauses 8 and 8a of the court's charge, to which objection is made, apply only to damages done at Colorado City while waiting for cars, and of course fall with that issue.

For the error of the court in its rulings upon the plea of abatement, the judgment is reversed and the cause remanded.

*Reversed and remanded.*