WILSON v. AVERY CO. OF TEXAS.
(No. 7561.)

(Court of Civil Appeals of Texas. Dallas. Jan. 27, 1917. Rehearing Denied March 17, 1917.)

1. ABATEMENT AND REVIVAL ⬪16—ANOTHER ACTION PENDING—APPEAL.

Where the payee sued on notes and to foreclose a chattel mortgage securing them in one county, and the maker sued in another county to cancel the instruments, his suit was an election of remedy, and he was bound thereby, and pending his appeal from an adverse judgment he could not have the same matters again tried in the suit on the notes.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 72, 118–122.]

2. ACTION ⬪69—STAY—OTHER SUIT PENDING.

In a mortgagee's action on notes and chattel mortgage, where another suit is pending in another county by the mortgagor to cancel the notes, judgment should not be entered for the mortgagee, since irreparable loss might then result should the mortgagor ultimately get judgment in the other suit.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 744–751.]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by the Avery Company of Texas against J. A. Wilson. Judgment for plaintiff, and defendant appeals. Affirmed.

Brooks & Worsham, of Dallas, and Turner & Rollins, of Amarillo, for appellant. Burgess, Burgess, Germany & Chrestman, of Dallas, for appellee.

RASBURY, J. This is an appeal from the action of the trial court in entering judgment for appellee upon certain promissory notes of appellant and in foreclosing a chattel mortgage lien upon personal property executed by appellant to secure the payment of said notes.

The essential facts forming the basis of the court's action, and upon which the issues presented on appeal depend, are substantially these: Appellee sued appellant in this proceeding in Dallas county upon two promissory notes given in part payment of an Avery tractor engine and to foreclose a chattel mortgage lien on said engine, service of citation being had upon appellant in Randall county. Subsequently appellant sued appellee and its agent in Randall county to cancel said notes and for damages. Said suit was subsequently transferred to Potter county, where appellee had an agent and agency. The Potter county suit to cancel the notes and for damages was tried first and resulted in a verdict and judgment against appellant in this proceeding. Motion for new trial was overruled, whereupon appeal was taken to the Seventh Court of Civil Appeals. When the instant case was reached for trial in the district court of Dallas county, and while the Potter county case was pending and undetermined in the Court of Civil Appeals, appellant, as defense to same, pleaded substantially the same matters relied upon as grounds for canceling said notes and for damages in his suit in Potter county. To the matters so urged appellee pleaded the pendency of the suit in Potter county between the parties for the same cause of action, and prayed that appellant's answer be stricken out, or that he be required to elect which suit he would prosecute. Appellant filed motion to strike such plea from the record on the ground that he had appealed from the adverse judgment in Potter county, which suspended it, and hence it was not res judicata, etc. The trial court overruled the motion to strike out and sustained the plea tendered by appellee. Whereupon judgment for appellee was entered upon the notes and for foreclosure of the chattel mortgage lien.

[1] All issues presented by appellant complain of the trial court's action in sustaining appellee's plea of the pendency of another suit, thereby denying to appellant the right to plead and prove in substance the same matters presented in the Potter county case. We think it clear that, when the appellant went to trial in the Potter county case, he thereby elected, as he had the right to do, to try the issues then tendered in that court. Had he preferred to try the issues in the Dallas county court by cross-action, etc., he could have done so by dismissing the Potter county case. But he chose otherwise, which was his right, and by which he is bound. For when two suits involving substantially the same issues are pending in courts of co-ordinate jurisdiction, the most that courts can do is to require the parties to elect in which forum they will proceed. Wilkerson v. Ft. Worth & D. C. Ry. Co., 171 S. W. 1041, and cases cited. Accordingly, appellant having under his right of election selected the Potter county court as the forum in which to try his case, and having actually had a trial there, was not entitled to again try in substance the same issues in another court of co-ordinate jurisdiction pending appeal. From which it follows that the court did not err in sustaining appellee's plea of pendency of another suit.

[2] Obviously, however, judgment should not have been entered for appellee in the instant case, since, in case the Potter county suit was reversed and on another trial the notes canceled, irreparable loss would have resulted to appellant. Using in substance the language of another when it appears during the progress of the trial that there is pending on appeal a suit between the same parties involving the same issues, all proceedings should be suspended until the determination of the pending suit. Sharkey v. Kiernan, 97 Mo. 102, 10 S. W. 886; Avocato v. Dell'Ara, 84 S. W. 444. And while it is contended on this appeal that the trial court should have so proceeded, no such issue as

disclosed by the record was presented to the court below. However, in view of the fact that the judgment of the Potter county case has been in all respects affirmed (Wilson v. Avery Co. of Texas, 182 S. W. 884), the judgment rendered in the instant case is now correct and will be affirmed.

Affirmed.