## PRIDDY v. BUSINESS MEN'S OIL CO. et al.
### (No. 1947.)

(Court of Civil Appeals of Texas. Amarillo. April 5, 1922. Rehearing Denied May 5, 1922.)

1. **Abatement and revival ⊕⇒7 — Former suit must be pending when plea is filed.**

A former suit alleged as ground for abatement must be pending when the plea is filed.

2. **Abatement and revival ⊕⇒11—Plaintiff cannot be required to abandon prior suit pending against him in another court.**

On a plea of a former suit pending against plaintiff in another court of concurrent jurisdiction for the same cause of action, plaintiff cannot be required to elect which suit to prosecute, and to abandon and pay the costs of the prior suit, as the second court cannot make an order controlling the first, and the prior suit is not under plaintiff's control.

3. **Pleading ⊕⇒34(1) — Plea of former suit pending strictly construed.**

The plea of a former suit pending is not a favored one, and will be strictly construed.

4. **Abatement and revival ⊕⇒8(8)—That plaintiff might have filed cross-bill in prior action against him not ground for abatement.**

As a rule, the fact that plaintiff might have sought the same relief by filing a cross-bill or complaint in a prior action against him is not ground for abatement.

5. **Judgment ⊕⇒744—Judgment canceling note is res adjudicata in action on note.**

A judgment canceling the note in the first suit would be res adjudicata.

6. **Abatement and revival ⊕⇒9—Suit against plaintiff cannot be pleaded in abatement of his suit.**

Where defendant in one suit is plaintiff in a subsequent suit on the same cause of action, the first suit cannot be pleaded in abatement of the second.

7. **Abatement and revival ⊕⇒9—Parties in both suits must be substantially the same.**

To sustain a plea in abatement on the ground of a prior suit pending, the parties in both suits must, as a rule, be substantially the same.

8. **Cancellation of instruments ⊕⇒35(3)—Joint obligor charged with fraud in procuring execution of notes is necessary party to co-obligors' suit to rescind.**

A joint obligor charged with fraud and breach of fiduciary relationship toward his co-obligors in procuring the execution of notes was a necessary party to a suit to rescind, being severally, as well as jointly, liable to the payee, who could not be compelled to bring two suits for the same debt.

9. **Contracts ⊕⇒269—Joint obligor cannot bind co-obligors by rescission without their consent.**

A joint obligor cannot bind his co-obligors by rescinding the obligation without the latter's consent.

10. **Cancellation of instruments ⊕⇒35(1)—All parties to contract are necessary parties to suit for rescission.**

All parties to an executed contract are necessary parties to a suit for rescission or cancellation.

11. **Abatement and revival ⊕⇒8(2), 9—Prior suit against plaintiff, in which necessary party was not made defendant, not ground for abatement.**

A suit to rescind notes, in which a joint obligor, through whose fraud, as the payee's agent, it was alleged the execution of the notes was procured, was not a party defendant, will not abate the payee's subsequent suit on the notes; neither the subject-matter of nor the parties in the first suit being the same as in the second.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by W. M. Priddy against the Business Men's Oil Company and others. From a judgment abating the suit, plaintiff appeals. Reversed and remanded.

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Martin & Oneal, of Wichita Falls, for appellant.

Stanley Boykin and H. C. Ray, both of Fort Worth, for appellees.

HUFF, C. J. This is an appeal from a judgment abating the suit brought by appellant Priddy against appellees, in Wichita county, Tex., for the reason that there was pending a suit in Tarrant county, between the same parties on the cause of action declared upon by appellant. The appellant Priddy instituted this suit in the district court of Wichita county, Tex., in the Thirtieth district, against the Business Men's Oil Company, a trust estate and joint-stock association, with its principal place of business in Tarrant county, Tex., with W. E. Austin as its president, J. J. Walden its treasurer, and S. M. Harrison its secretary, and with W. E. Austin, S. M. Harrison, and J. J. Walden as its trustees, and S. M. Harrison, J. J. Walden, Roy J. Beard, J. F. Foster, A. W. Jonte, W. E. Austin, F. R. Hays, R. H. Tash, and O. F. Olmstead, all of whom reside in Tarrant county, Tex., and J. M. Palmer, who resides in Wichita county, Tex., all sued as defendants. The cause of action declared on is based on two notes for $6,875 each, executed by the Business Men's Oil Company, payable to the order of W. M. Priddy at Wichita Falls, Wichita county, Tex., providing for interest and attorney's fees, and each indorsed by the above-named parties, Harrison, Palmer, Walden, Beard, Foster, Jonte, Austin, Hayes, Tash, and Olmstead, before delivery of the notes to the appellant Priddy. The notes were dated March 13, 1919, and one due in 60 days after date and one due 120 days after date. The prayer in the petition is for judgment against all the parties named as defendants for the principal of the notes sued on, $13,750, with interest and attorney's fees, as stipulated therein.

The appellees, and defendants below, filed a plea in abatement for the Business Men's Oil Company and the other named defendants, except defendant Palmer, in which it is alleged in effect that on the 2d day of May, 1919 (appellant having filed his petition in Wichita county May 29, 1919) all of the above-named defendants, except Palmer, filed suit in the Sixty-Seventh district court of Tarrant county (No. 49043) on the docket of that court, styled Business Men's Oil Company et al. v. W. M. Priddy, by which petition it was alleged the company is a trust estate, duly organized under the laws of the state by a duly executed declaration of trust, wherein W. E. Austin, S. M. Harrison, and J. J. Walden are constituted trustees, and have an office in Fort Worth, Tarrant county, Tex., and the plaintiffs are residents of that county, and that defendant Priddy is a resident of Wichita county; that about March 10, 1919, Priddy, by his agent, Palm-er, under guise of forming an oil company for developing certain oil lands upon which Priddy claimed a leasehold interest, induced the plaintiffs to pay to him $5,000 in money and execute two promissory notes, dated March 10, 1919, for the principal sum of $6,875, each, otherwise describing the notes sued on by Priddy in the district court of Wichita county; that Priddy employed Palmer to go to Fort Worth and call on plaintiff with an oil proposition, representing that he (Palmer) had an opportunity to purchase an oil lease on two and one-half acres of land in the Burkburnett oil fields; that the lease was worth $37,000; that he (Palmer), with others whom he named, were ready to organize and willing to form a company to purchase the property, providing the individual plaintiffs, to whom he was then talking, would come in and share in the organization and development of the property; that plaintiff relied on the representations so made and that, knowing one of the parties, W. L. Dugger, who was represented by Palmer as one of the parties who would organize the company to take over the property, and who was a responsible business man, and acting on the above representation, they entered into a contract with Priddy by which it was stipulated that Priddy sold to J. J. Walden, to hold in trust for the Business Men's Oil Company, two and one-half acres of land (describing it) for the sum of $37,500, payable $5,000 in cash, $15,750 in notes, payable one-half in 60 days and the balance in 120 days, the remaining $18,750 to be payable in stock of the Business Men's Oil Company, at a par basis capital of $90,000. At the time of the execution of said notes and contract it was agreed and understood by the plaintiff and defendants that the parties to the contract were the plaintiffs and J. M. Palmer and W. L. Dugger, and that the promise to pay contained in the notes was a joint obligation assumed by all parties, subject to the following understanding: That the notes were to be paid out of money received from the sale of stock in said company; that plaintiffs would not be expected to make any further payment than the $5,000 only out of the proceeds of the sale of stock; that the plaintiffs proceeded to organize the company to sell stock—thereafter they discovered Priddy had accepted the notes without the indorsement of W. L. Dugger, who refused to sign and in fact had never agreed to sign the notes, and that the notes were fraudulently delivered to Priddy by Palmer; that the lease was not on oil land nor surrounded by producing oil wells, etc., and that there was no consideration for the notes; that Palmer was not associated with plaintiffs in good faith, but was in fact the agent of Priddy.

In the petition they offer to do equity by reconveying the oil lease and tender a trans-

fer and offer to place Priddy in statu quo. They seek to recover damages, the amount paid for the land and other special damage; also to cancel the notes, and that they be held for naught; also pray for a temporary restraining order, restraining Priddy from negotiating the notes, etc. Continuing their plea in abatement the appellees allege that Palmer is not a necessary party defendant herein, and is fraudulently made a party by Priddy, repeating that, during the negotiations of the trade, Palmer was the agent of Priddy, and that, if he obtained judgment against Palmer, he will not endeavor to collect. it, and that Palmer is wholly and notoriously insolvent, and, further, by their plea identifying the notes sued on in this case as being the same described in the suit in Tarrant county. The appellant excepted generally to the plea in abatement, and specially that the defendants in this cause are not all plaintiffs in cause No. 49043, in Tarrant county, in that Palmer is a party defendant in this cause, and is neither a party defendant nor plaintiff in the cause pending in the district court of Tarrant county. In answer thereto he pleads that Palmer was not a party in the former suit, and he denies that Palmer fraudulently was made a party in the present suit, etc., or that Palmer was his agent in the negotiations of the sale of the oil lease, or that he was insolvent. Upon a trial before the court the following facts were found and filed:

"(1) That suit No. 49043, styled Business Men's Oil Co. et al. v. W. M. Priddy, was filed on May 2, 1919, in the Sixty-Seventh district court of Tarrant county, Tex., according to the copy of the petition in said suit as set up in defendants' plea in abatement, and that the orders of the Sixty-Seventh district court returns thereon were made as alleged in said plea in abatement. I find that said suit in said Sixty-Seventh district is still pending and said orders are still in effect.

"(2) That the notes described in both suits are the same and identical notes, and that the parties in both suits are the same, except the said Palmer is not a party to said suit No. 49043, and is a party defendant in suit No. 6868.

"(3) I find that suit No. 6868, styled W. M. Priddy v. Business Men's Oil Co. et al., was filed on May 29th, and is pending in this court according to plaintiff's amended and original petitions in said suit; that the defendant J. M. Palmer, in suit 6868, is not a party to said suit No. 49043, in said Sixty-Seventh district court, and that suit No. 6868 was not fraudulently brought; that said Palmer was not fraudulently made a party to said suit; that said Palmer was not the agent of the defendant Priddy in the oil lease involved in suit No. 49043, nor in the negotiations set forth in plaintiff's petition in said suit; that said Palmer did not execute the note involved in this suit for the purpose of inducing the other defendants herein to execute the same; that plaintiff, W. M. Priddy, has not had and does not have an agreement with said Palmer that

he will make no effort to collect any judgment he should recover against the said Palmer; that the said Palmer is solvent, and was when the said No. 49043 was filed; that the makers of the notes sued on are jointly and severally liable, and that said Palmer is a proper party to said suit No. 6868.

"(4) These findings are confined to the issues raised by defendants' plea in abatement in suit No. 6868, and are not intended to adjudicate any issue raised by the pleadings of the parties on the merits in either suit No. 49043 or No. 6868."

He concluded that as a matter of law a new party in the pending suit does not make this a different cause of action from the cause pending in the Sixty-Seventh district court of Tarrant county; that, the subject-matter being the same, and the issues the same, the case first filed should have preference, even though another and proper party is impleaded in a subsequent cause, and for that reason he sustains the plea in abatement. We may add at place that the record shows that the district judge of Tarrant county, upon presentation of the petition to him in that county, granted a temporary writ of injunction against Priddy, which was duly served on him, etc.

We believe our Supreme Court from an early day has recognized as a general proposition that it is sufficient ground for abating a suit that another suit is pending in the same jurisdiction in a court of concurrent jurisdiction of the same cause of action and between the same parties. Drake v. Brander, 8 Tex. 351; York's Adm'r v. Gregg's Adm'x, 9 Tex. 91; Langham v. Thomason, 5 Tex. 127; Burdett v. State, 9 Tex. 43; Oldham v. Erhart, 18 Tex. 147; Cook v. Burnley, 45 Tex. 97; Trawick v. Martin Brown, 74 Tex. 522, 12 S. W. 216 (cited in cases both pro and con); Boner v. Hearne, 75 Tex. 242, 12 S. W. 38; Railway Co. v. Lewis, 81 Tex. 1, 16 S. W. 647, 26 Am. St. Rep. 776; Arthur v. Batte, 42 Tex. 159; Cooper v. Mayfield, 94 Tex. 107, 58 S. W. 827; Allen v. Read, 66 Tex. 13, 17 S. W. 115; McNeill v. Masterson, 79 Tex. 670, 15 S. W. 673, at page 674, bottom first column; Houston Oil Co. v. Village Mill Co., 109 Tex. 169, 202 S. W. 725, 226 S. W. 1075. Some of the Courts of Civil Appeals hold to the above rule as prevailing in Texas. Goggan v. Morrison (Tex. Civ. App.) 163 S. W. 119; Sparks v. National Bank (Tex. Civ. App.) 168 S. W. 48; Lumber Co. v. Williamson (Tex. Civ. App.) 164 S. W. 442; Cattlemen's Trust Co. v. Blasingame (Tex. Civ. App.) 184 S. W. 574; Camp v. First National Bank (Tex. Civ. App.) 195 S. W. 223; Railroad v. Scoggin, 42 Tex. Civ. App. 335, 95 S. W. 651; Ward v. Scarborough (Tex. Civ. App.) 223 S. W. 1107. However, there appears to be a lack of harmony among our courts. By some of the courts it appears to be held the

rule does not prevail in Texas, and that it only gives to the plaintiff the right of election under the cases of Payne v. Benham, 16 Tex. 364; Railway Co. v. Barton, 24 Tex. Civ. App. 122, 57 S. W. 292; Cole v. State (Tex. Civ. App.) 163 S. W. 353; Wilkerson v. Railway Co. (Tex. Civ. App.) 171 S. W. 1141; Wilson v. Avery (Tex. Civ. App.) 192 S. W. 1130; Hartzog v. Seeger Coal Co. (Tex. Civ. App.) 163 S. W. 1055; McCoy v. Bankers' Trust Co. (Tex. Civ. App.) 200 S. W. 1138. There are many other cases on this question, pro and con, so that the true rule in this state may be said to be in doubt.

[1, 2] The case of Payne v. Benham, 16 Tex. 364, is cited in some cases on the proposition stated in the syllabus of that case:

"A plea of former suit pending for the same cause of action, if sustained, will not abate the latter suit; but the plaintiff will be put to his election, which suit he will prosecute, and be required to abandon the other and pay the costs of it."

It seems to us the opinion is not to be accepted in the broad sense that might be implied from the syllabus, and as apparently has been done by some of the courts. As we interpret that case, it does not deny the operation of the general rule, but it seems to us to suggest under our blended system of pleading and practice the rule in one of its phases is modified. In that case, and in the Trawick Case, supra, the first suit had been dismissed before filing the plea in the second, and we understand all courts hold that, when the plea is filed, the former suit must be pending. So the opinion of the court should be interpreted in the light of the record upon which it was then passing. It is stated by the court:

"The plea was not well pleaded, because it is not shown by the record, that the first suit was for precisely the same cause of action, nor was the record in that case referred to, for proof of the truth of the plea."

Again the court said:

"We are aware that, by the strict rules of practice in the courts of common law, the facts so pleaded would have abated the suit last commenced. We, however, regard it as a question of costs, not at all involving the merits of the cause of action."

If the two suits had been still pending at the same time the plea in abatement was filed that would have required the party to dismiss one and pay the cost before proceeding with the other. The first suit, however, had been dismissed before the plea in abatement was filed, and that first suit was no longer in the way, and the most that could be said against the second suit is that it was brought too soon, and cannot differ in principle from a case where any other suit has been instituted which was not dismissed from the docket until the cause of action did really exist, in which case we would look to an amendment on payment of costs regarding the time the amendment was made as the commencement of the suit.

[3] It should be noted in that case the two suits filed were in the same court, and the parties occupied the same position in both cases as plaintiff or defendant. The rule declared in that case, or at least the reason given, would not apply in this case. Here the two cases were filed in separate courts of concurrent jurisdiction. The plaintiff in one is defendant in the other and vice versa. The plaintiff in the second suit is defendant in the first in a different court. The second court could not make an order controlling the first, and the defendant therein could not dismiss it by paying the costs. It was not under his control. He did not voluntarily institute that suit, as did the plaintiff in the Payne Case, who instituted both suits. We are impressed, however, from an examination of the reported cases, the plea is not a favored one, and will not be liberally, but strictly, construed.

[4] It would seem the controversy among the cases is really whether it is the same cause of action, and whether a defendant is in certain cases to set up his cause or defense or cause of action in the first suit filed or will be permitted to file a separate action therefor.

"Although there are decisions to the contrary in some states. it is held in most jurisdictions, as we have already seen, that the plaintiff in the second action might have sought the same relief by filing a cross bill or cross complaint in a prior action brought against him, is not ground for abatement of the second action." 1 C. J. § 95, "Abatement."

Again:

"As a rule the mere pendency of a suit to which a person may be made a party does not abate or bar an action by him in another court to enforce his rights when he has not become a party, and it is 'no ground of abatement of an action that there is an action pending, even though plaintiff is a party thereto, in which he might, by cross-bill, complaint, or petition, obtain against defendant the relief which he seeks in the second suit." 1 C. J. § 108, and sections 80 and 94, "Abatement"; 1 R. C. L. § 4, pp. 13, 14.

The Supreme Court of the United States has said:

"It is not true that a court, having obtained jurisdiction of the subject-matter of a suit, and of parties before it, thereby excludes all other courts from the right to adjudicate upon other matters having a very close connection with those before the first court, and in some instances, requiring the decision of the same questions exactly. In examining into the exclusive character of the jurisdiction of such cases, we must have regard to the nature of the remedy, the character of the relief sought, and the identity of the parties in the different

suits." Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257.

As in some measure indicative óf our Supreme Court's view we call attention to the case of Houston Oil Co. v. Village Mills Co., 109 Tex. 169, 202 S. W. 725, where in that case the plaintiff had previously sued defendant to determine the title to certain land, and an appeal from a judgment in favor of the plaintiff in that case. A court of another district than that in which the judgment was obtained, it was held, had jurisdiction to restrain defendant from cutting timber from such land, reversing the Court of Civil Appeals. 191 S. W. 723. Some of our Courts of Civil Appeals have held the fact that a party had commenced an action. to cancel a note for failure of consideration, or the like, will not abate a subsequent action, brought to recover on the note. Simmang v. Braunagel, 27 S. W. 1032; Ellis v. Tips, 16 Tex. Civ. App. 82, 40 S. W. 524; Mutual Life Insurance Co. et al. v. Hargus, 99 S. W. 580; Olschewske v. King, 96 S. W. 665; Garza & Co. v. Jesse French Piano Co., 59 Tex. Civ. App. 590, 126 S. W. 906; Liberty Milling Co. v. Continental Gin Co., 132 S. W. 856; Blume v. J. I. Case, etc., 225 S. W. 831. However, there are other cases in conflict with the above line of authorities; Sparks v. National Bank (Tex. Civ. App.) 168 S. W. 48; Goggan Bros. v. Morrison (Tex. Civ. App.) 163 S. W. 119, and other cases not cited. If there was a right of election as to whether Priddy should file a cross-action in the pending suit in Tarrant county or file his suit on that cause of action in Wichita county, then the following authorities are against abating the second suit filed, as Priddy evidently elected to prosecute his cause of action in Wichita county: Pullman v. Hoyle, 52 Tex. Civ. App. 534, 115 S. W. 315; Wilson v. Avery (Tex. Civ. App.) 192 S. W. 1130. As to the cause of action which will abate a second suit, our courts are in disagreement, one holding in a suit to cancel a note or the like, the defendant is not bound to answer; the other that if he does not the judgment in that case would be res adjudicata.

[5] It has occurred to us one might deny the fraud and defeat the suit to rescind. If he did so that would not appear to be an obstacle in the way of his suing and recovering on the note in another suit. Of course if the note is canceled in the first suit doubtless it would be res adjudicata to a recovery in the suit on a note. We are not called upon to reconcile the conflicting views of the courts, and, should we hold either way in this case, we would be in conflict with one or the other line of decisions. We will not at this time express our view further than as above, as we have determined to dispose of this case upon the ground of parties. We may say, however, in justification of

making the above comparison of the various cases, that we have done so, as in some particulars that question enters into the question of necessary parties.

[6] "The general rule is to the effect that the plea of prior action applies only where plaintiff in both suits is the same person, and both are commenced by himself, and not to cases in which there are cross-suits by a plaintiff in one suit who is defendant in the other. In other words, that, where the defendant in the prior suit is plaintiff in the subsequent suit the first suit cannot be pleaded in abatement of the second. In some jurisdictions, however, there are decisions to the contrary, while in others exceptions to the rule have been recognized. The general rule does not apply, it has been held, to an action for an accounting, both parties to such action being regarded as actors, and defendant cannot make one or more items of the accounting the subject of a separate suit; and a defendant, who has appeared and filed a plea, asking for relief in the suit against it, may not be allowed to maintain a separate suit for the same relief." 1 C. J. § 107, p. 82; McCoy v. Bankers' Trust Co. (Tex. Civ. App.) 200 S. W. 1138. On the last clause stated in the above quotation this court has held the plea in abatement should be sustained in a cross-suit. Street v. J. I. Case, 188 S. W. 725 (7). So, also, has the Dallas court, in Wilson v. Avery, 192 S. W. 1130.

[7] We think it is a general rule, of course with some exceptions, the parties in the second suit must be substantially the same as those in the first suit in order to sustain a plea in abatement. 1 C. J. §§ 99 and 100; 1 R. C. L. "Abatement," § 5, p. 14. Our Supreme Court has announced the same rule: Langham v. Thomason, 5 Tex. 127; Cooper v. Mayfield, 94 Tex. 107, 58 S. W. 827—the latter case citing the former and also 1 Enc. of Prac. 557. See, also, 1 Stand. Enc. of Proc. pp. 1029, 1030. In fact, the general rule acted upon by all the courts makes it essential that the suit be between the same parties.

[8] Palmer in this case was not a party plaintiff or defendant in the court of Tarrant county, and neither did he join in the plea to abate the suit in Wichita county, but he was a party defendant in that suit. Under the contract with Priddy he had an interest equal to the other parties in the land contracted for, and was obligated on the contract executed by them. He was a principle obligor on the notes sued on, and primarily liable thereon, and was solvent, as found by the trial court. As such he was a necessary party to the suit on the note. He was not only jointly liable on the note, but there was also a several liability. He is not such a party as falls within any of the exceptions, that we are aware of, recognized by

the courts. The appellees in this case are not suing for him, or acting in his interest, but, on the contrary, charge him with fraud and a gross breach of the fiduciary relationship. They do this without making him a party, but seek to make Priddy responsible for his acts or representations. He is not joined with Priddy as a defendant. The appellees, in their brief, state the above facts as showing that he was an improper party. On the contrary, we think they show, not only that he is a proper party, but a necessary party. Priddy was entitled to a judgment against him on the note if anybody is liable on it. The appellees could not compel Priddy to bring two suits for the same debt, or split up his cause of action into piece-meals. He had the right to have all the parties before the court.

[9, 10] It is generally held one or more joint obligors cannot rescind an obligation, and thereby bind his or their co-obligors, if the latter does not consent to the rescission. In order to obtain a decree in equity for a rescission of a written instrument, it is necessary to bring before the court all those interested in the subject-matter of the contract. 2 Black on Rescission & Cancellation, §§ 552, 657. The parties on the note were jointly and severally liable. Latham v. Houston, etc., 68 Tex. 127, 3 S. W. 462. This court has expressly held all parties to an executed contract are necessary parties to a suit for rescission or cancellation.

[11] All makers of the notes in this case should be parties in both suits, and, as Palmer was not a party to the former suit, it was not the same as to the subject-matter or parties in the second suit, and will not abate the suit for the reason that all the necessary parties were not before the court in the first suit. McKay v. Phillips (Tex. Civ. App.) 220 S. W. 176; Perkins v. Terrell (Tex. Civ. App.) 214 S. W. 551. We believe the trial court was in error in abating the suit in Wichita county, and the judgment will therefore be reversed, and the cause remanded.