Mildred Scripture COLE et vir, Appellants,

v.

W. H. WADSWORTH et al., Appellees.

No. 28.

Court of Civil Appeals of Texas.

Tyler.

Feb. 20, 1964.

Rehearing Denied March 12, 1964.

Leon A. Smith, E. D. Hurt and Esir Tobolowsky, Dallas, for appellants.

Wm. Andress, Jr., L. E. Elliott, Brundidge, Fountain, Elliott & Churchill, Dallas, for appellees.

DUNAGAN, Chief Justice.

This is an action brought by Mildred Scripture Cole, joined by her husband, L. R. Cole, as plaintiffs, against W. H. Wadsworth and National Surety Corporation, as defendants, to recover for the depletion of the assets of the estate of Robert C. Scripture, deceased, in the County Court of Dallas County, Texas, in probate No. 16,619, for the misfeasance and malfeasance of the administrator in the administration of the estate. Defendant, W. H. Wadsworth, was the administrator of the said estate and defendant, National Surety Corporation, was the surety on his bond. The plaintiff, Mildred Scripture Cole, was the sole residuary legatee of the estate. Defendant, W. H. Wadsworth, filed a motion for summary judgment based on res judicata to which an answer was filed by plaintiffs. The motion was sustained by the presiding judge of the 68th Judicial District Court of Dallas County, Texas. An appeal was perfected by the plaintiffs from the judgment.

The plaintiffs bring forward two points of error upon which they base their appeal. The first point the plaintiffs complain that the court erred in sustaining defendants' motion for summary judgment based on res judicata. The complaint raised by the second point is the court erred in sustaining defendants' motion for summary judgment based on res judicata as the defendant, National Surety Corporation, was not a party to the suit cited by defendant as the basis of his motion for res judicata.

Appellees contend in their first counterpoint that "since the damages claimed in the instant suit are additional damages allegedly resulting from the identical act of wrongful conveyance to Wernly, and the subsequent collection of rentals from said property made the basis of the cause of action on which judgment was rendered

in the first suit, the motion for summary judgment based on a plea of res adjudicata was properly sustained." In the second counterpoint, they say "The secondary liability of National Surety Corporation, as surety, was discharged by the judgment in the previous suit which discharged Wadsworth, as principal, and the court therefore properly ruled that the former judgment was res adjudicata, notwithstanding the surety was made a party to the second suit."

In Cause No. 58,681–C, in the District Court of Dallas County, appellants sued W. H. Wadsworth as administrator of the estate of Robert C. Scripture, deceased, alleging that on April 12, 1950, Wadsworth wrongfully, fraudulently and fictitiously conveyed to Wernly a part of Lots 9 and 10 of Block 790 of the City of Dallas and subsequently misappropriated the rents and revenues from said property in the alleged amount of $25,000.00 and prayed for judgment for the property, its rents and revenues. Appellant, Mildred Scripture Cole, alleged that she had conveyed a one-half undivided interest in and to the estate as attorney's fees. Final judgment was entered in said cause on July 25, 1958, decreeing to each, appellants Mildred Scripture Cole and Charles Ramick, her attorney, title to one-half of said property.

By first amended original petition filed in the instant case, on February 16, 1963, appellants sued Wadsworth as principal, and National Surety Corporation as surety, alleging that on April 12, 1950, Wadsworth wrongfully, fraudulently and fictitiously conveyed to W. R. Wernly part of Lots 9 and 10 of Block 790 of the City of Dallas, and over a period of ten years collected rents and revenues on the property so fictitiously sold; that such acts of Wadsworth made necessary the employment of an attorney to recover said property, which at the time was worth $20,000.00; that the payment to said attorney of one-half of said sum depleted the estate in the amount of $10,000.00; that Wadsworth collected

rents on the property for ten years and converted thereof $2,400.00 to his own use and benefit; and that she had to pay her attorney $2,000.00 for collecting from Wadsworth an additional amount of $4,000.-00 of said rent.

From a reading of the pleadings in Cause Nos. 58,681–C and 7445–G (Cause No. 7445–G is the case now before us on appeal) clearly reveals that the same acts are complained of in both cases, namely, a wrongful conveyance of the same property to Wernly and a misappropriation of said rents and revenues therefrom over a period of years.

This appeal presents a question of whether one may bring several suits for different items of damages arising from the same wrongful act.

We think the principle applicable here is aptly stated in 34 Tex.Jur.2d, page 592, Section 516, as follows:

"A party will not be permitted to split a single and indivisible claim or demand so as to make it a basis for successive suits, and if he attempts to do so, the judgment in the first case decided will bar prosecution of the others, unless the defendant is estopped by his conduct from raising the question of prior adjudication. Thus, a person seeking a recovery of damages for breach of an entire contract or for injuries resulting from a single tort must set forth every item of damages which he seeks to recover; any item not so pleaded will be barred forever. The rule against splitting causes of action also applies to the recovery of property. Thus, for example, when a party suing to recover a particular lot of property, consisting of various items, by reason of some specified transaction or occurrence, sets forth in his petition the particular items thereof, the judgment will usually preclude him from initiating subsequent litigation in respect of other items that could and

should have been included within the pleadings in the first suit. And it has been held that judgment awarding the plaintiffs a recovery of a three-quarters undivided interest in a tract of land will bar a subsequent suit by the grantors of the plaintiffs against the same defendant to recover the whole of the land, the pleadings in the two cases being identical except for the difference in the relief asked."

Texas cases applying the principle of law as above stated are: Eastland County v. Davisson (Tex.Com.App.), 13 S.W.2d 673, holding that damages for all known breaches of the same contract must be brought in one suit; St. Louis S. W. Ry. Co. v. Moss, 9 Tex.Civ.App. 6, 28 S.W. 1038, holding that where two horses are killed by the same act of negligence, filing suit for one horse bars a subsequent suit for damages to the other; Texas & P. R. Co. v. Scoggin & Brown, 42 Tex.Civ.App. 335, 95 S.W. 651, holding that failure to supply freight cars for shipment of cattle at a fixed place and time gives right to but a single cause of action and a suit for damage to a portion of the herd bars a subsequent suit for damages to another portion. This is the general rule.

Appellants have cited a number of authorities in support of their position. From a reading of these authorities it is apparent that appellants have failed to distinguish between independent causes of action and separate items of damages flowing from the same cause of action. When a party claims property consisting of various articles which he attempted to enumerate, in order that all the constituents of his claim be presented for adjudication, the judgment or decree would generally preclude further controversy in relation to matters which should have been properly embraced in the pleadings and judgment in the first litigation. McMurry v. McMurry, 67 Tex. 665, 4 S.W. 357. The court further stated this rule is subject to exceptions. However, we do not believe the case at bar is an exception to the general rule. We are aware that the rule against splitting causes of action has no application to several causes of action that are, in fact, distinct and separate even though they might possibly be joined or consolidated. In this case, appellants had but one cause of action and that arose from the single act of Wadsworth in conveying to Wernly the tract of land known as Lots 9 and 10 of Block 790.

The case of Ames v. Herrington, Tex. Civ.App., 139 S.W.2d 183 (Dism. Judgm. Cor.), is on all fours with the case now before us. It involved a suit by a former ward to collect money alleged to be due her estate by former guardians and their respective sureties.

The ward, through petition in intervention by guardian Kinnaird in a prior suit No. 15,750, litigated claims against her former guardian Frona Rice (mother of ward) concerning her estate. That trial resulted in a judgment.

On appeal, appellants (guardians and their sureties) insisted that the judgment in Cause No. 15,750 was res judicata of the issue presented in the case on appeal. The plea of res judicata was based upon the nature and scope of Cause No. 15,750, and determined by the plea in intervention filed by guardian Kinnaird in behalf of his ward.

Cause No. 15,750, based on the plea in intervention, was essentially one for devastavit or waste and wrongful use of the minor's estate by her guardian, Frona Ames, and her husband J. B. Ames. As to the ward, that suit was predicated upon a breach of duty upon the part of the guardian of her estate.

The guardian therein sought to recover the value of certain property. In the latter suit, the guardian sought to recover rentals and damages. The court said:

"Cause No. 15,750 as affected by the plea in intervention was undoubtedly a

suit for devastavit of the minor's estate and all consideration given the record in the instant case necessarily leads to the conclusion that it covers the grounds extended over by the prior suit. Res adjudicata is the answer to the appellee's suit against Frona Ames, the principal in said bonds, and it operates to exonerate her sureties from the liability asserted against them. In the absence of liability of the principal there can be no liability of the sureties."

The court further had this to say:

"There is no question about the effect of this rule of law when applied to a proper state of facts and the facts here invoke the application of the rule."

The court cited as authority for this statement the case of Nichols v. Dibrell, 61 Tex. 539, the court quoting therefrom said:

"It is well settled that the decision of a court of competent jurisdiction is conclusive not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided. * * * Or, as differently expressed, the plea of res judicata applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject litigation, and which the parties, by exercising reasonable diligence, might have brought forward at the time."

And it was further held in Ames v. Herrington that under such circumstances:

" 'The protection of such a decision, as well as its restrictions, extend not only to the immediate parties to the suit, but also to those who stand in privity with them. Privity, in this connection, means the mutual or successive relationship to the same rights of property; that is to say, all persons are privy to a judgment whose succession to the rights of property therein adjudicated are derived through or under one or the other of the parties to the action, and which accrued subsequent to the commencement of the action. Morrison v. Cloud (Tex.Civ.App.) 13 S.W. 2d 735, * * *.'

"This opinion is believed to be in point on the contention here urged by the American Indemnity Company, and especially so, since that company cannot be held liable without primary liability upon the part of the principal."

Based upon the record before us, we here state that it is our opinion that if any items of loss to the estate of Robert C. Scripture or incident to the administration of said estate were left out of Cause No. 58,681–C or not specifically mentioned therein, such items being incident to such cause of action could and should have been embraced therein, otherwise the proceeding would have amounted to splitting up a legitimate cause of action; and a study of the record does not suggest that such was done.

Discussing the legal effect of splitting a cause of action, it is said in Stark v. Starr, 94 U.S. 477, 485, 24 L.Ed. 276:

"It is undoubtedly a settled principle that a party seeking to enforce a claim, legal or equitable, must present * * all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first failed. There would be no end to litigation if such a practice were permissible." Ames v. Herrington, supra; Connellee, et al. v. Mag-

**18**

nolia Petroleum Company, Tex.Civ. App., 54 S.W.2d 577.

 The fact that the surety, National Surety Corporation, was not a party to the original suit is immaterial, at least not controlling. Its liability is only secondary and does not exist in the absence of the primary liability of the principal. If recovery of the judgment and satisfaction thereof has been secured as against the principal, the fact that the surety was not a party does not prevent the judgment from being a bar to a subsequent suit upon the same subject matter. Ames v. Herrington, supra.

Other authorities in support of our decision are Green v. American General Insurance Company, Tex.Civ.App., 354 S.W. 2d 616; Hoehn v. Texas Employers' Insurance Association, Tex.Civ.App., 42 S. W.2d 266; and Craig v. Broocks, 60 Tex. Civ.App. 83, 127 S.W. 572, err. den.

As we view Ames v. Herrington, supra, and other authorities, applied to the case at bar, Cause No. 58,681–C was undoubtedly a suit for devastavit or waste and wrongful use of the estate of Robert C. Scripture and a study of the record in the instant case necessarily leads to the conclusion that it covers the grounds extended over by the prior suit. Res judicata is the answer to the appellants' suit against W. H. Wadsworth, principal in said bond, and it operates to exonerate National Surety Corporation, his surety, from the liability asserted against it. In the absence of liability of the principal there can be no liability of the surety.

The identical questions now presented by appellants were raised in the last above-cited case and there decided adversely to appellants' contentions here.

We think the trial court's judgment correctly disposed of the case and judgment of the court below is affirmed.