B. P. COOPER ET AL. V. CHARLES H. MAYFIELD.

No. 932.   Decided October 22, 1900.

1. **Res Adjudicata—Recovery of Land—Outstanding Title.**

A suit for recovery of land is barred by the defense of outstanding title in third parties, through a former judgment recovered by them against plaintiffs over the latter's plea of outstanding title in the present defendant, who was not a party to the former action.   (P. 110.)

2. **Same—Pendency of Former Suit.**

A plaintiff is not prevented from bringing suit for and recovering land against an adverse claimant, by the fact that suit is already pending by such defendant, in another court, against a third party for the same land; and such third party may afterwards, in the suit against him, use such judgment, to which he was not a party, to show outstanding title in those recovering it as against his plaintiff. (Pp. 110, 111.)

3. **Same.**

A judgment for recovery of land by plaintiffs, which can not be disputed between the parties, may be used by a third party to show outstanding title in such plaintiffs, as against an action to recover the land by the defendants in such suit, first brought, and pending at time of the former judgment; that the former judgment was pendente lite and with notice to him of the rights of defendant therein was immaterial, since it bound the parties.   (P. 111.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Harris County.

B. P. Cooper and wife and J. C. League sued Charles H. Mayfield. Defendant had judgment.   B. P. Cooper and League, the surviving plaintiffs, prosecuted error to the appellate court, and on affirmance they obtained writ of error from the Supreme Court.

*F. Charles Hume* and *M. E. Kleberg,* for plaintiffs in error.—The court erred in adjudging, with the lower court, that the defendant in error, by reason of holding under said Lane & Mayfield, and said instrument of September 4, 1889, was in privity with and bound by the judgment of the Federal court at Galveston, rendered March 12, 1896, to the effect that the plaintiffs thereto, Edward S. Newell and Clarence B. Smith, as executors of the estate of Stewart Newell, deceased, do have and recover of and from the defendants there, Eliza Cooper, B. P. Cooper, Fannie Mellen, and Joseph J. Mellen, the title and possession of the 177 acres of land there claimed by the plaintiffs at the time said judgment was rendered—being the same 177 acres described in the petition of the plaintiffs in the present action.. Railway

v. Bank, 102 U. S., 14; Hale v. Finch, 104 U. S., 261; Cramer v. Manufacturing Co., 93 Fed. Rep., 636; 2 Black on Judg., sec. 600; Wilkie v. Howe, 27 Kan., 518; McCoy v. McCoy, 29 W. Va., 794; Freem. on Judg., secs. 159, 162; 2 Black on Judg., secs. 540, 548, 549; Burdett v. State, 9 Texas, 43; Railway v. Lewis, 81 Texas, 8; Smith v. McIver, 9 Wheaton, 535; Peck v. Jenness, 7 How., 624; Ex Parte Robinson, 6 McLean, 361; Insurance Co. v. University of Chicago, 6 Fed. Rep., 443; In re James, 18 Fed. Rep., 853, 855; Owens v. Railway, 20 Fed. Rep., 10; Gould v. Hayes, 19 Ala., 448; Taylor v. Fort Wayne, 47 Ind., 274, 282; Winn v. Albert, 2 Md. Ch. Dec., 53; Miller v. County Commissioners, 119 Mass., 486; Powers v. City Council, 116 Mass., 86; Stearns v. Stearns, 16 Mass., 167; Cooper v. Canal Co., 2 Murph. (N. C.), 196; Merrill v. Lake, 16 Ohio, 374; Ex Parte Bushnell, 8 Ohio St., 601; Wells on Jurisdiction of Courts, sec. 156; Hawes on Jurisdiction of Courts, sec. 45; Peeler's Law and Equity in U. S. Courts, 133; Stephens v. Motl, 81 Texas, 116.

The court erred in adjudging, with the lower court, that the defendant in error was a privy of Stewart Newell, and therefore bound by said Federal court judgment; and that the plaintiffs in error, being parties to said judgment, were likewise bound thereby as between the defendant in error and themselves, and that said judgment was a bar to their recovery in this action against the defendant in error. Same authorities.

*Denman, Franklin, Cobbs & McGown,* for defendant in error.—Defendant in error was a privy to the case of Newell v. Cooper, was bound by the judgment therein, and said judgment adjudicated all matters involved in this suit; and the court below correctly held that said judgment barred plaintiffs in error who were parties thereto from any recovery herein. Even if defendant was not technically a party or privy to said suit, nevertheless he so participated in the suit as to be bound by the decree rendered therein. Tayler v. Taul, 88 Texas, 665; Hazlett v. Harwood, 80 Texas, 510; Jones v. Gilchrist, 88 Texas, 93; Whitford v. Crooks, 54 Mich., 261; Keely v. Weir, 38 Fed. Rep., 291; Corcoran v. Chesapeake, 94 U. S., 741; Cromwell v. County of Sac, 94 U. S., 351; Claflin v. Fletcher, 7 Fed. Rep., 851; Tarleton v. Johnson, 25 Ala., 300.

Plaintiffs in error are asserting the same title herein that they asserted in the case of Newell v. Cooper, and that title was divested out of them and vested in said Newell by the judgment rendered in said suit, and plaintiffs in error therefore proved no title on which they could recover herein. Said judgment was a conveyance of all of their title to the plaintiffs in said suit. Such title is either in defendant herein or outstanding in the estate of Stewart Newell. In either case plaintiffs would not be entitled to a recovery herein. Foster v. Johnson, 89 Texas, 646; Hooper v. Hall, 35 Texas, 82; Marlin v. Kosmyroski, 27 S. W. Rep., 1042; Minor v. Powers, 24 S. W. Rep., 710.

The judgment in the Federal court case is a muniment of title.

Gage v. Goudy, 29 N. E. Rep., 897; Railway v. Blair, 39 N. E. Rep., 962; 2 Van Fleet, Former Adjudication, 918, 921; Oldham v. Stephens, 25 Pac. Rep., 863; Commissioners v. Welch, 20 Pac. Rep., 483; Burdick v. Railway, 87 Iowa, 384.

BROWN, ASSOCIATE JUSTICE.—In the view we take of this case, the following statement of the facts will be sufficient to an understanding of the point upon which this decision rests.

On the 5th day of July, 1890, Stewart Newell brought a suit in the United States Circuit Court at Galveston, Texas, against Eliza Cooper, B. P. Cooper, and Fannie Westrope to recover of them 177 acres of land in Harris County, Texas, of which the land in controversy is an undivided one-half. During the pendency of the suit in the Federal court, Stewart Newell died testate, and on the 5th day of March, 1895, his executors, Edward S. Newell and Clarence B. Smith, were made parties plaintiff to that suit. In the original petition and in the first amendment filed by the executors, the entire tract of 177 acres was sued for. The executors filed second and third amended petitions, in each of which they claimed only an undivided half of the land. While these amendments were pending in the Federal court, the plaintiffs in this suit, Elizabeth Cooper, B. P. Cooper, and J. C. League—the last named claiming the interest of Fannie Westrope—filed this suit in the District Court of Harris County against Charles H. Mayfield for an undivided half of the 177 acres for which suit had been brought in the Federal court. After the suit was filed in the State court, the executors filed another amended petition in the Federal court, in which they claimed the entire tract of land, 177 acres. The defendants in that suit pleaded in various forms the pendency of the suit in the State court against Mayfield; that Mayfield owned half of the land, setting up his title specifically under the same instrument which is presented in this case for construction, and pleading that the Federal court was without jurisdiction to try the title to the one-half which was owned by Mayfield. They also pleaded Mayfield's title as an outstanding title against Newell's executors. Charles H. Mayfield was one of the attorneys of Newell and his executors during the pendency and prosecution of their suit in the Federal court and his name was signed to their pleadings. Upon the issues presented by the claim of the plaintiffs, Newell's executors, to all of the land and the pleas of the defendants in that suit denying jurisdiction in the court and setting up Mayfield's title, the case was tried and a judgment was rendered by the Federal court in favor of Newell's executors against the defendants in that suit for the title and possession of the entire tract of land. Upon appeal to the Circuit Court of Appeals at New Orleans, that judgment was affirmed.

In this suit, the defendant Mayfield pleaded the judgment of the Federal court in bar of this action, and also set the same judgment up as an outstanding title in Newell's estate superior to the title of the plaintiffs in this suit. This case was tried before the court without a

jury and judgment entered for the defendant Mayfield, which has been affirmed by the Court of Civil Appeals.

The defendant in error claims that the judgment of the Federal court rendered in the case of Newell's Executors v. Eliza Cooper, B. P. Cooper, and Frances Westrope, divested all title to the land in controversy out of the defendants in that suit and vested it in the estate of Newell, and that the judgment constitutes an outstanding legal title to the land in Newell's estate superior to the title of the plaintiffs in this suit, for which reason the plaintiffs can not recover in this action. Whether correctly or not, the Federal court adjudged the title and possession of the entire tract of 177 acres to Newell's executors upon issues framed by the pleadings of the parties. The very question of Mayfield's title under the instrument here presented was decided by that court adversely to the contention of the plaintiffs in error in this case and judgment was given in favor of the executors of Newell against the defendants for the entire tract of land. But the plaintiffs in error seek to avoid the force of that judgment upon the following grounds: (1) Because Mayfield was neither a party to that judgment nor in privity with the plaintiffs in that suit, for which reason the judgment has no binding force as between the plaintiffs in this suit and Mayfield; (2) because this suit was pending in the District Court of Harris County, Texas, at the time the plaintiffs in the Federal court amended their petition so as to embrace all of the land contained in the tract instead of one-half, for which reason it is claimed that the Federal court had no jurisdiction to determine the controversy as to half of the land and the judgment of the Federal court is, to that extent, void; (3) because Newell's executors recovered one-half of the land for the benefit of Mayfield during the pendency of this suit against him for the title to it, and Mayfield occupies the place of a purchaser pendente lite.

Conceding, for the sake of argument, that Mayfield was neither party to the suit in the Federal court nor in privity with the plaintiffs, it would follow that the judgment could not operate as a former adjudication of the issues between the plaintiffs in this suit and Mayfield, and would not constitute a bar to this action; if, however, the judgment of the Federal Court is binding between Newell's estate and the plaintiffs in error, then, although Mayfield may have no title, it constitutes an outstanding title superior to that of the plaintiffs, and, having no title to the land, they can not recover.

Mayfield being neither a party to the suit in the Federal court nor in privity with the parties thereto, this suit in the State court in favor of Cooper and others against Mayfield did not constitute a former suit pending at the time, because Newell's estate was not a party to this and Mayfield was not a party to that suit. 1 Enc. of Pl. and Pr., 757, note 3; Langham v. Thomason, 5 Texas, 128. It would be a strange rule that A, having sued B for a tract of land, C could not, during the pendency of the suit, bring a suit against A for the same land. It seems to

us that the proposition of the plaintiff in error embodies that conclusion.

It is claimed that Newell's executors, in the suit in the Federal court, recovered half of the land for the benefit of Mayfield during the pendency of his suit in the State court, and that Mayfield is therefore in the position of a purchaser pendente lite. A purchaser from a party to a pending suit takes with notice of the rights asserted against the subject matter of litigation. We do not see the analogy which is so earnestly urged by the learned counsel for plaintiffs in error between a purchaser pendente lite and the attitude of Mayfield; but, conceding his proposition, it is, as we understand it, that Mayfield, by getting the title of the defendants through the judgment of the Federal court during the pendency of this suit, was affected in the same way as if defendants in that suit had conveyed the property to Newell's executors, one-half for the benefit of Mayfield. If that were the case, then Mayfield would take title to the land charged with notice of the controversy; but the grantors would not be permitted to dispute their deed by which the title passed. A solemn judgment, although involuntary, is not less binding than a deed. The fact that Mayfield was charged with notice of the claim of Cooper and others to the half of the land now in controversy does not affect the title of Newell's estate, derived through the judgment of the Federal court. That judgment adjudicated all of the questions between the parties which are here presented and is not subject to revision by this court.

We are of opinion that the judgment rendered in the United States Circuit Court at Galveston in the case of Newell's Executors v. Eliza Cooper, B. P. Cooper, and Frances Westrope constitutes a legal title to the land outstanding in Newell's estate superior to the claim of the plaintiffs in error. There is no error in the judgment, and it is affirmed.

*Affirmed.*