BRAGG v. BRAGG et al. (No. 847.)

(Court of Civil Appeals of Texas. El Paso. April 11, 1918. Rehearing Denied May 9, 1918.)

1. PLEADING ⚖⇒111 — ANOTHER SUIT PENDING—TIME OF FILING—IDENTITY OF PARTIES.

Where plaintiff filed a suit against two defendants, and on the same day one defendant filed an amendment in a previously brought suit upon the same subject-matter in another county against the other defendant, making plaintiff a defendant therein, upon defendant's failure to prove he filed his amendment earlier in the day than plaintiff filed his suit, defendant's plea to abate must be overruled.

2. APPEAL AND ERROR ⚖⇒882(17) — INVITED ERROR.

An appellant cannot complain of failure of the court to file findings of fact and conclusions of law, where such failure was not the fault of the court but of appellant's counsel.

Error to District Court, Coleman County; C. E. Dubois, Judge.

Suit by Wm. I. Bragg against the Sovereign Camp of the Woodmen of the World and T. Z. Bragg. Judgment for plaintiff, and T. Z. Bragg brings error. Affirmed.

Graves & Houtchens, of Ft. Worth, for plaintiff in error. Snodgrass, Dibrell & Snodgrass, of Coleman, and Lattimore, Bouldin & Lattimore, of Ft. Worth, for defendants in error.

HIGGINS, J. [1] On February 5, 1916, at 8 a. m., Wm. I. Bragg filed this suit in Coleman county against the Sovereign Camp of the Woodmen of the World to recover upon a certificate of insurance issued by said defendant upon the life of T. P. Bragg. T. Z. Bragg, an adverse claimant of the fund, was joined as a party defendant. T. Z. Bragg

had theretofore filed a suit in Tarrant county against said Sovereign Camp upon the same certificate. Upon February 5, 1916, T. Z. Bragg filed an amended petition in the suit pending in Tarrant county, thereby making Wm. I. Bragg a party defendant to that suit. In the Coleman county suit T. Z. Bragg then filed a plea in abatement setting up the former pendency of the Tarrant county suit. This plea was overruled by the court, and its action in so doing is made the basis of the first assignment.

Until the filing of the amendment in the Tarrant county suit there was no such identity of parties as would enable T. Z. Bragg to assert the pendency of another suit in abatement of the Coleman county suit. Langham v. Thomason, 5 Tex. 127; Cooper v. Mayfield, 94 Tex. 107, 58 S. W. 827; Pullman Co. v. Hoyle, 52 Tex. Civ. App. 534, 115 S. W. 315. But, when the amendment was filed, then there was identity of parties and subject-matter of litigation.

The burden of proof rested upon T. Z. Bragg to show that his amended petition was filed before 8 a. m. on April 5th. The record simply shows that it was filed on that date, and is silent as to the hour of filing. He therefore failed to discharge the burden resting upon him, and his plea in abatement was properly overruled. Boone v. Boone, 160 Iowa, 284, 137 N. W. 1059, 141 N. W. 938. After that plea was overruled, the cause was tried upon its merits without a jury. Judgment was rendered in favor of Wm. I. Bragg.

[2] The remaining assignment is based upon the failure of the court to file findings of facts and conclusions of law. The record discloses that the court did not refuse to file the same, and that his failure so to do was the fault of counsel for plaintiff in error. In this state of the record, the failure to file such findings and conclusions does not present reversible error.

Affirmed.