## FULMORE v. BENSON. (No. 6625.)*

(Court of Civil Appeals of Texas. Austin. Nov. 15, 1923. Rehearing Denied Dec. 20, 1923.)

**1. Abatement and revival ⬦82—Dilatory pleas must be filed in due order.**

Dilatory pleas not filed in due order of pleading are waived, in view of Rev. St. arts. 1902, 1909 and district and county court rules 6 and 7 requiring this due order of pleading: (1) Pleas to jurisdiction; (2) pleas in abatement; (3) pleas of privilege.

**2. Abatement and revival ⬦82—Plea filed after privilege plea is overruled is waived.**

A plea in abatement on account of pendency of another suit, filed after a plea of privilege has been overruled, is not filed in due order

of pleading, and is thereby waived, in view of Rev. St. arts. 1902, 1909, and rules 6 and 7 of district and county courts requiring pleas to be filed in this order: (1) Pleas to jurisdiction; (2) pleas in abatement; (3) pleas of privilege.

**3. Pleading ⬦333—Statutes requiring filing in due order are mandatory.**

The statutes and rules requiring pleadings to be filed in due order of pleading, i. e., Rev. St. arts. 1902, 1909, and rules 6 and 7, district and county courts, are mandatory.

**4. Pleading ⬦339—Trial court may permit filing in due order of pleadings filed out of order.**

It is discretionary with the trial court to permit a pleader to withdraw pleadings filed out of order and file them in due order, both at common law and under statutes and court rules.

**5. Pleading ⬦333—Court rule permits filing pleadings out of due order as trial amendments.**

Under court rule 27, pleadings may be filed out of due order as trial amendments.

**6. Appeal and error ⬦960(1)—Abuse of discretion in denying right to file pleadings to cure error in filing pleadings out of order is reviewable.**

The Supreme Court will review trial court's abuse of discretion in denying the right of a party to file pleadings in order to remedy his error in filing pleadings out of the prescribed order.

**7. Abatement and revival ⬦82—Pleas in abatement must be filed with other pleadings at one time.**

Pleas in abatement must be filed as part of the answer along with other defenses and at one time and not separately under Rev. St. arts. 1902, 1909, so providing, the object being to inform plaintiff of the nature of the dilatory plea, and enable prompt disposal before trial upon the merits.

**8. Courts ⬦475(1)—Action abated because of another pending in another jurisdiction under rule of comity between courts to avoid multiplicity of suits.**

Although the common-law rule which authorizes abating of second suits because of pendency of another former suit involving same cause of action between same parties has never to its full extent been recognized in Texas, yet, as a matter of comity between courts to avoid multiplicity of suits, the last suit filed will be abated.

**9. Abatement and revival ⬦8(8)—Action for fraud and rescission of vendor's lien notes held not identical with one foreclosing the notes.**

Where plaintiff exchanged equities in certain lands in one county for land in another county charged with a lien to secure notes which he assumed, and, after his vendee started suit against him on the notes in the latter county, he sued vendee in the county in which the lands given by him in exchange were located, for damages for fraud, alleged to have been committed there, and for rescission, the

causes of action are not identical in subject-matter, although the cause of action for damages might be set up by cross-action in defense of the first suit, and vendee could not abate the second suit on that ground.

**10. Cancellation of instruments ⊜⇒35(I) — Maker of vendor's lien notes necessary party in action by third person against vendor to cancel them.**

In an action by one, who, as a part of a contract for exchange of lands, has assumed vendor's lien notes for a rescission of the agreement of assumption and a cancellation of the notes, the maker of the notes is a necessary party.

**11. Vendor and purchaser ⊜⇒279—Maker of lien notes proper party to foreclosure suit against one assuming them.**

In an action to foreclose a vendor's lien against one assuming vendor's lien notes on lots, the maker of the notes was not a necessary though a proper party defendant.

**12. Abatement and revival ⊜⇒9—Want of identity of parties prevents abatement because of another action pending.**

A plea in abatement of the pendency of another suit is not well sustained where parties to the two causes of action are not identical.

**13. Abatement and revival ⊜⇒9—Facts held not to show identity of parties necessary to abatement for other suit pending.**

Where plaintiff on ground of fraud sued for rescission of a contract for exchange of lands with defendant and cancellation of vendor's lien notes assumed by plaintiff, and joined the maker of the notes, who was a necessary party, defendant's suit to foreclose the lien and collect the notes commenced prior to plaintiffs' in another county, but in which he brought in the same maker as a proper but not a necessary party by amendment after plaintiff's suit was filed, did not have the identical parties necessary to a plea in abatement of plaintiff's suit because of another action pending.

**14. Abatement and revival ⊜⇒9 — Right to abatement because of another action pending held not conferred because of bringing in new party in first suit after filing of second.**

Where holder of vendor's lien notes sues purchaser of land assuming the notes, and then such purchaser in another county sues the maker and the holder of the notes for rescission and cancellation, and, after the rescission suit is filed, plaintiff in the former suit by amendment makes the maker a party, the rescission suit, being prior to the amendment, becomes and remains the dominant suit in the litigation.

**15. Appeal and error ⊜⇒747(I)—Defendant's failure to appeal from order overruling privilege plea waived right to complain of order.**

Defendant failing to perfect his appeal as authorized by Vernon's Ann. Civ. St. Supp. 1918, art. 1903, from orders overruling pleas of privilege, could not, on plaintiff's appeal, complain of such orders on cross-assignment of errors.

Appeal from District Court, Travis County; George Calhoun, Judge.

Suit by S. R. Fulmore against W. D. Benson and another. From an order sustaining the named defendant's plea in abatement and dismissing the cause of action plaintiff appeals, and to an order overruling his plea of privilege the named defendant assigns cross-error. Reversed and remanded.

See, also, 245 S. W. 124.

Cofer & Cofer, of Austin, for appellant. B. J. Dean, of Breckenridge, and G. B. Smedley, of Austin, for appellee.

### Statement.

BLAIR, J. This is an appeal from an order sustaining appellee's plea in abatement of the pendency of another suit and dismissing appellant's cause of action as to appellee, but holding another defendant to final judgment upon the merits, from which final judgment no appeal is taken.

Appellant sued appellee W. D. Benson and one S. F. Tubbs, in the district court of Travis county, for damages in the sum of $2,500, and for a rescission of a contract of exchange of equities in certain real estate, by which appellant received certain described Lubbock county lands charged with a lien to secure certain notes assumed in the transaction by appellant, and appellee received certain equities of appellant in Travis and Reagan counties lands; alleging that the contract of exchange of equities in lands and the assumption of the payment of the notes against the Lubbock county land was induced by the false and fraudulent representations, in Travis county, of appellee and S. F. Tubbs, who is alleged to be acting for himself and as agent of appellee in a conspiracy to defraud appellant. Appellant further alleged that the lands conveyed by him to appellee had been transferred to innocent purchasers, and a rescission could not be had as to it, but that appellee and Tubbs were liable for its value, which was alleged to be $2,500; and asked for a rescission of the deed to him of the Lubbock county lands and the assumption agreement to pay the notes against said lands.

The defendant S. F. Tubbs and appellee answered separately—Tubbs filing a formal answer of a general demurrer and general denial, while appellee filed a plea of privilege to be sued in Lubbock county. Appellant filed a controverting plea to appellee's plea of privilege, so as to bring the action within the purview of article 1830, subdivision 7 of the Revised Statutes 1911, relating to venue in actions for fraud. The issue of fact on the plea of privilege was submitted to a jury, who returned a verdict against appellee, and the court thereupon overruled the plea of privilege, to which action appellee

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

excepted and gave notice of an appeal. Appellee then filed, for the first time, his plea in abatement of the pendency of another suit between the parties concerning the same subject-matter then pending in the district court of Lubbock county. Appellant filed a motion to strike out the plea in abatement and several exceptions thereto, all of which were overruled by the court; and the plea having been filed on the last day of the term, the case was continued without prejudice thereto until the next term of the court; at which term appellant again presented his motion to strike out the plea in abatement and the several special exceptions thereto, which the court overruled, and sustained the plea in abatement, and dismissed the suit as to appellee, W. D. Benson; to which action appellant excepted and gave notice of appeal and by proper appeal here now presents the matter for our determination.

No appeal was perfected by appellee from the order overruling his plea of privilege, but he seeks to have the action of the court thereon reviewed in this appeal by cross-assignment of error, based upon his exception to the action of the court at the time same was overruled.

### Opinion.

Appellant contends that the trial court erred in refusing to sustain his motion to strike out the plea in abatement and to sustain his special exceptions thereto upon four particular grounds which are presented by the following propositions of law: First. Because the plea in abatement was filed out of due order of pleading and thereby waived. Second. Because the plea in abatement was filed separately and not as a part of appellee's answer along with the other pleas or defenses, and therefore in violation of the statute and the rules of the district and county courts, which require all pleadings of the defendant to be filed at one time. Third. Because the record evidence relied upon to sustain the plea in abatement showed conclusively a want of identity of causes of action and subject-matter in the two suits. Fourth. Because the record evidence relied upon to sustain the plea in abatement showed conclusively a want of identity of parties to the two suits. As to the first two propositions no further statement is necessary, but as to the last two, which go to the merits of the plea, a further statement of the pleadings in the two suits will be made in our opinion discussing the same.

[1, 2] We are of the opinion that the court erred in refusing to sustain the motion to strike out the plea in abatement and to sustain the exceptions thereto, because the same was not filed in due order of pleading as complained of by appellant's first proposition of law. A plea in abatement is a dilatory plea. Dilatory pleas must be filed in due order of pleading, and those not so filed are waived.

A plea in abatement on account of the pendency of another suit filed after a plea of privilege has been filed, presented, and overruled, is not filed in due order of pleading, and is thereby waived.

No case has been found by us presenting exactly the same state of facts as the case at bar, but the statutes and the rules of district and county courts concerning this question, by analogy, sustain our conclusion herein. The portions of articles 1902, 1909, Revised Statutes, and of rules 6 and 7 of district and county courts are as follows:

"Art. 1902. * * * The defendant may also plead as many several matters either of law or equity as he may think necessary for his defense, and which may be pertinent to the cause, provided that he shall file them at the same time and in due order of pleading. * * *"

"Art. 1909. Pleas shall be filed in the due order of pleading, and shall be heard and determined in such order under the direction of the court."

"Rule 6. The answer of defendant shall consist of an original answer, and such supplemental answers as may be necessary, in the course of pleadings by the parties to the suit, to enable the defendant to state all of the exceptions and facts, presenting his defense, as contained in his original answer, or his cross-action, if one be set up in the original answer, and such other facts as may be required to rebut the facts that may be stated in the original and supplemental petitions as pleaded by the plaintiff. The original answer and the supplemental answers shall be indorsed, so as to show their respective positions in the process of pleading, as 'original answer,' 'defendant's first supplemental answer,' 'defendant's second supplemental answer,' and so on, to be successively numbered, named and indorsed.

"Rule 7. The original answer may consist of pleas to the jurisdiction, in abatement, of privilege, or any other dilatory pleas; of exceptions, general and special; of general denial and any other facts in defense by way of avoidance or estoppel, the same being pleaded in the due order of pleading, as required by statute. * * *"

The due order of pleading, in so far as it relates to this case, is fixed by our statutes and the rules of practice, and is as follows: (1) Pleas to the jurisdiction. (2) Pleas in abatement. (3) Plea of privilege.

The following cases, we think, sustain our opinion: T. & P. Ry. Co. v. Lynch (Tex. Civ. App.) 73 S. W. 67; San Antonio Drug Co. v. Red Cross Pharmacy (Tex. Civ. App.) 199 S. W. 324; Avery Co. v. Barker (Tex. Civ. App.) 243 S. W. 695; Ry. Co. v. Harlan (Tex. Civ. App.) 62 S. W. 971; Lumber Co. v. Water Co., 94 Tex. 462, 61 S. W. 707; Ry. Co. v. City of Ennis (Tex. Civ. App.) 201 S. W. 256; Ry. Co. v. Baker Bros. (Tex. Civ. App.) 210 S. W. 244; McClure v. Pair (Tex. Civ. App.) 214 S. W. 683; City of San Antonio v. Reed (Tex. Civ. App.) 192 S. W. 554, writ refused 196 S. W. xiv, no opinion.

In the case of Hoffman v. Bldg. & Loan Ass'n, 85 Tex. 409, 22 S. W. 154, it is held that the due order of pleading requires that pleas to the jurisdiction shall be filed before an answer to a plea to the merits. We see no distinction between the rule requiring the plea to the jurisdiction to be filed first than the rule requiring pleas in abatement to precede a plea of privilege in due order of pleading. We are not dealing in this case with the question of the court taking the pleas up and determining them in due order, but with the question of the proper manner of filing the plea in due order as required by the statute and the rules of pleading. The reason for the rule is obvious and sound, because a plea in abatement generally involves technical matters provable by the record, or apparent upon the face of the record, as in the instant case, and can be quickly and easily disposed of; therefore they should be filed first, because, if such plea is sustained, as a rule the case is at an end, and the court is thereby relieved of the expense and time of the trial of other pleas, or a trial upon the merits. The case at bar furnishes a good illustration of the soundness of the reason of the rule, for the record shows that several days were consumed in the trial of the issue of fraud on the plea of privilege, all of which came to naught upon the court's sustaining the plea in abatement, filed after the plea of privilege was presented and disposed of, which said plea in abatement only required a comparison by the trial court of the certified copy of the pleadings filed in the Lubbock county case and attached to and made a part of the plea, with the pleadings in the case at bar, in order to determine if the subject-matter and the parties to the two suits were identical. The reason for the rule requiring pleas in abatement to precede a plea of privilege is further strengthened by the Act of the Thirty-Fifth Legislature, c. 176, amending article 1903 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), so as to not abate the suit when a plea of privilege is sustained, but simply changes its venue by transfer. If the plea in abatement be one apparent or provable by the record and disposes of the case, how useless it would be to put a litigant to the annoyance and expense of following the case to a distant county there to have the case dismissed.

[3-6] Appellee insists that the statute and rules as to due order of pleadings are only directory, and that a strict enforcement of such would work a hardship in many instances. We do not agree with either contention. The statute and rules requiring pleadings to be filed in due order are mandatory. The hardship, if any, is alleviated by other portions of the statutes and rules, as well as decisions of the court, whereby it is provided and held that it is within the discretion of the trial judge to permit a pleader to withdraw pleadings filed out of due order and file them in due order; or, upon proper motion and showing, permit the filing of pleadings theretofore not filed, which might necessarily be filed out of due order because of the procedure already had in the case; or under rule 27 pleadings may be filed out of due order as trial amendments. An abuse of this discretionary power in the trial judge may be reviewed and relieved upon an appeal by the appellate courts. Appellee is not entitled to the relief above provided, because he did not in the first instance file his pleading in due order, nor make any effort to comply with the provision of the rules and decisions. Rutledge v. Evans (Tex. Civ. App.) 219 S. W. 218; Hoffman v. Bldg. & Loan Association, 85 Tex. 412, 22 S. W. 154; City of San Antonio v. Reed (Tex. Civ. App.) 192 S. W. 554, writ refused 196 S. W. xiv, no opinion; Pryor v. Jolly, 91 Tex. 86, 40 S. W. 959 and cases there cited.

[7] We are also of the opinion that the court erred in refusing to sustain the motion to strike out the plea in abatement of the pendency of another suit, and to sustain the exceptions thereto because the same was filed separately and not as a part of appellee's answer along with the other defenses and at one time. Article 1902, supra; De Witt v. Jones, 17 Tex. 624; San Antonio Drug Co. v. Red Cross Pharmacy (Tex. Civ. App.) 199 S. W. 326; Hoffman v. Lemm (Tex. Civ. App.) 106 S. W. 716; Pyron v. Graef, 31 Tex. Civ. App. 72 S. W. 101; Cattlemen's Trust Co. v. Blasingame (Tex. Civ. App.) 184 S. W. 577. The text-writers in construing this statute reason as follows:

"The object of the statute is to require the defendant to disclose as early as practical all of the grounds of his defense to enable the plaintiff to prepare at once to meet and rebut them, and thus to avoid unnecessary prolixity and delay in the conduct and trial of the cause." Sayles Pleading (New Ed.) § 419.

"The statutes secure to the defendant the right to interpose all the defenses he may have. There are only two express restrictions on this right: First, they must be presented at the same time; and, second, in due order of pleading." Townes Pleading, p. 514.

We are of the opinion that the statute requires all dilatory pleas by a defendant to be filed before the trial of the case upon its merits at the same time and in due order so as to inform plaintiff of the nature thereof, and enable the court to hear and dispose of them promptly before the trial upon the merits. However, the same discretionary power is given the trial judge to permit the filing of belated pleadings as is given him to pass upon matters filed in due order of pleading out of their due order, which discretionary power is subject to review on appeal. It would be a very obnoxious system of pleading which would permit the pleader to file one plea which, if overruled, then

file another, and then another without limit. Under such system a plaintiff could never know what issue he had to meet, nor could he prepare to meet the same.

[8] By the disposition of the first two propositions we have practically disposed of this case, but, in view of the fact that the two remaining propositions go to the merits of the plea in abatement, we will pass upon them. The essential facts are to be determined from the pleadings filed in the two cases, and we copy appellant's statement as it clearly and correctly states the entire proceedings in each case. It is as follows:

"(1) On November 22, 1921, W. D. Benson sued S. R. Fulmore in Lubbock county on latter's assumption of vendor's lien notes of S. F. Tubbs and to foreclose lien on Lubbock lots. S. F. Tubbs, maker of the notes, was not a party to the suit.

"(2) On December 10, 1921, S. R. Fulmore sued S. F. Tubbs and W. D. Benson in Travis county for $2,500 damages on account of fraud perpetrated by them in Travis county whereby said S. R. Fulmore lost the value of his equities in Travis county and Reagan county lands, said fraudulent representations being part of the same transaction in which said S. R. Fulmore assumed said S. F. Tubbs' notes.

"(3) On February 6, 1922, S. R. Fulmore amended in his said Travis county action, and not only sought recovery of the $2,500 damages, the value of his equities in Travis and Reagan county lands, but also sought rescission of the assumption agreement, wherein said S. R. Fulmore assumed the said S. F. Tubbs notes. This action for both damages and rescission was against both S. F. Tubbs and W. D. Benson.

"(4) On February 15, 1922, W. D. Benson amended in his said Lubbock county case, making S. F. Tubbs, maker of the vendor's lien notes, for the first time a party, and seeking judgment against both S. F. Tubbs and S. R. Fulmore for the amount of said notes and for foreclosure."

Although the common-law doctrine which authorized the abating of a second suit because of the pendency of another former suit involving the same cause or causes of action between the same parties has never to its full extent been recognized in Texas, yet, as a matter of comity between courts, in order to avoid the expense and annoyance of a multiplicity of suits, and to that end the rule has been invoked by the more recent authorities to the extent that the last suit filed will be abated. C. J. vol. 1, p. 46, and cases cited. Phillips v. Phillips (Tex. Civ. App.) 223 S. W. 243; Ward v. Scarbrough (Tex. Civ. App.) 223 S. W. 1107.

[9] Appellee filed his suit in Lubbock county first, and thereby obtained jurisdiction over appellant; so, if there is an identity of causes of action and an identity of parties to the two suits, under the rule of comity the court was correct in sustaining the plea in abatement. However, we are of the opinion that there is a lack of both identity of causes of action and identity of parties to the two suits.

The cause of action in Lubbock county for debt and foreclosure filed by appellee against appellant is not the same cause of action as the one filed by appellant against appellee in Travis county for damages for a fraud committed on him in the latter county, even though the two suits grew out of the same transaction. A suit on a note and for a foreclosure of a lien on real estate given to secure the payment of the note, which note was assumed by the defendant in such suit in a transaction of exchange of equities between plaintiff and defendant of certain real estate, is not an identical cause of action with one filed by the defendant in the former suit against the plaintiff in the former suit for damages for fraud inducing the contract in which the assumption of the note was agreed to, although such latter cause of action for damages might be set up by cross-action in the defense of the first suit. The question of venue is a very material right, and is vital to this case. A defrauded party has the statutory right to a hearing upon the issue of fraud where the same was committed, so, where a part of a contract in exchange of real estate is an assumption agreement of notes against the real estate received by the defrauded party in the exchange, and the whole contract is induced by fraud, the defrauded party has a material right to sue for damages for such fraud where it was committed. To require such defrauded party to go to another forum merely because he might set up such fraud as a defense to a suit there filed against him on the assumption agreement would deprive him of a material right guaranteed by law. The record shows that the subject-matter of the Lubbock county suit was debt and foreclosure, and involved Lubbock county lands, while the Travis county suit was for damages, and involved Travis and Reagan counties lands. The following authorities are pertinent to this issue: Standefer v. Aultman, 34 Tex. Civ. App. 160, 78 S. W. 552; Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257; Houston Oil Co. v. Village Mills Co., 109 Tex. 169, 202 S. W. 725, 226 S. W. 1075; Priddy v. Business Men's Oil Co. (Tex. Civ. App.) 241 S. W. 774, affirmed (Tex. Com. App.) 250 S. W. 156; Anderson v. Rogge (Tex. Civ. App.) 28 S. W. 106; Phillips v. Phillips (Tex. Civ. App.) 223 S. W. 243; Ward v. Scarbrough (Tex. Civ. App.) 223 S. W. 1107; Payne v. Benham, 16 Tex. 367; Pullman Co. v. Hoyle, 52 Tex. Civ. App. 534, 115 S. W. 318.

[10,11] On the question of lack of identity of parties to the two suits involved, the record shows that Benson is plaintiff in the Lubbock county suit, and Fulmore and R. L. Rather are defendants at the time Fulmore filed his suit in Travis county. He later amended and made S. F. Tubbs a party, but this cannot affect the issue, for, if Fulmore's

action was properly brought at the time of filing, no subsequent act of the defendant thereto will deprive him of the right to maintain the suit properly filed. Fulmore is plaintiff in the Travis county suit, and Benson and Tubbs are defendants. Tubbs is a necessary party to Fulmore's suit by the pleadings. He is not a necessary party, though a proper one, to Benson's suit, because he was the maker of the note sued upon by Benson.

[12, 13] A plea in abatement of the pendency of another suit is not well sustained where the record discloses a want of identity of parties to the two causes of action. Tubbs was not a party to Benson's suit at the time Fulmore filed his suit. He is a party to Fulmore's suit, and a necessary one; therefore a want of identity of parties exists in the two suits, and the court erred in sustaining the plea in abatement of the pendency of another suit between the parties. Goggan v. Morrison (Tex. Civ. App.) 163 S. W. 119; Sparks v. Nat. Bank (Tex. Civ. App.) 168 S. W. 48; Miller v. Williamson (Tex. Civ. App.) 164 S. W. 440; Cattlemen's Trust Co. v. Blasingame (Tex. Civ. App.) 184 S. W. 574; Bragg v. Bragg (Tex. Civ. App.) 202 S. W. 992, and cases there cited.

[14] We are also of the opinion that Tubbs was a necessary party to Fulmore's suit on the plea of rescission of the assumption agreement and on the plea for the cancellation of the notes, he being the maker thereof. This portion of Fulmore's suit was not in the original suit filed, but came by amendment on February 6, 1922, while Tubbs was not made a party to the Lubbock county suit until the 15th of February, 1922. The maker of certain notes is a necessary party to a suit seeking a rescission and cancellation of such notes. For a fuller statement, we adopt appellant's proposition on this point as our own:

"Where holder of vendor's lien notes sues purchaser assuming said notes, and then such purchaser in another county sues the maker of said notes and the holder for rescission and cancellation of said notes, and, after the latter suit, the plaintiff in the former suit by amendment makes the maker a party to his suit, in such case the rescission suit, being filed prior to the amendment, becomes and remains the dominant suit in the litigation." Bragg v. Bragg (Tex. Civ. App.) 202 S. W. 992; Langham v. Thomason, 5 Tex. 127; Cooper v. Mayfield, 94 Tex. 110, 58 S. W. 827; Pullman v. Hoyle, 52 Tex. Civ. App. 115 S. W. 315; Black on Rescission & Cancellation, 552, 667; Business Men's Oil Co.. v. Priddy (Tex. Com. App.) 250 S. W. 156; McKay v. Phillips (Tex. Civ. App.) 220 S. W. 176.

[15] Appellee by cross-assignment of error complains of the action of the trial court in overruling his plea of privilege. Appellee under the procedure in this case waived his right to have this alleged error passed upon by failing to perfect his appeal thereon, as authorized by article 1903, Vernon's Ann. Civ. St. Supp. 1918. The Supreme Court through section A, Commission of Appeals, in an opinion not yet published, in the case of Smith Grain Co. v. Windsor & Stanley, which case is stated in full by the Court of Civil Appeals, 242 S. W. 350, held that where a plea of privilege was heard and overruled and the cause continued for final hearing to another term of the court, the plea was waived, and could not be heard on cross-assignments of error, or as an assignment of error in the appeal on the merits, but should have been appealed from as provided by article 1903, Vernon's Ann. Civ. St. Supp. 1918, which authorizes appeals from interlocutory orders sustaining or overruling pleas of privilege. Article 1903, Vernon's Ann. Civ. St. Supp. 1918; Smith Bros. v. Windsor (Tex. Civ. App.) 242 S. W. 350, opinion by Supreme Court not yet published; Allen v. Woodward, 111 Tex. 457, 239 S. W. 602, 22 A. L. R. 1253.

The trial court erred as above stated, and the cause is therefore reversed and remanded for a trial upon the merits.

Reversed and remanded.