**CITY STATE BANK IN WELLINGTON v.
GRIBBLE, District Judge, et al.
No. 6235.**

Court of Civil Appeals of Texas. Amarillo.
May 5, 1952.

Porter & Lowe, Clarendon, for appellant.

Arch Dawson and Nelson, Montgomery, Robertson & Sellers, Wichita Falls, for appellees.

PER CURIAM.

This is an original proceeding instituted directly in this court on April 16, 1952, by relator, City State Bank in Wellington, against respondent, Honorable Luther Gribble, Judge of the 100th Judicial District, seeking to compel him to proceed to trial and judgment in civil cause number 3564 pending in Collingsworth County, Texas, styled City State Bank in Wellington v. Wichita National Bank of Wichita Falls, Texas. Relator also named other co-respondents and seeks to have this court issue a writ of prohibition to the 30th Judicial Court of Wichita County, Texas, and the Honorable Arthur R. Tipps, judge thereof, commanding the said court and the judge thereof to desist and refrain from further proceedings in the case of National Bank of Commerce of Altus, Oklahoma v. City State Bank in Wellington, et al., number 50,087–A, pending there on the civil docket. Relator likewise made all of the parties to the latter styled suit parties to this proceeding. The litigation here presented arose out of alleged conflicts of jurisdiction in suits filed in the two courts previously mentioned involving the same subject matter and some of the same parties. The petition with exhibits attached is voluminous and will not be fully set out here. We will refer only to those matters needed to determine the questions here presented.

One J. T. Boyd on February 25, 1952, executed two checks drawn on the Welling-

ton bank payable, respectively, to Albert Scoggins for $7740 and Frank Brock for $7,834.23. The checks were deposited in the Altus bank and forwarded through the Wichita bank for payment. The Wellington bank on receipt of the checks for payment advised the Wichita bank that Boyd did not have sufficient funds on deposit to pay the checks and protested the same the next day and returned them to the Wichita bank. But, in accordance with their custom, the Wellington bank honored the cash letter from the Wichita bank by remitting the full amount, including other items as well as the two checks in question, expecting a return remittance of the amount of the two rejected checks according to custom. The Wichita bank failed to return a remittance for the two said checks on the grounds that the Altus bank refused to let it make such a return remittance. The Altus bank contends that J. T. Boyd had sufficient funds on deposit in the Wellington bank to pay the said checks when they were presented there for payment and the same were then and there honored and paid by the Wellington bank as reflected by its remittance to the Wichita bank, which bank is improperly withholding the said payments from the Altus bank.

Such resulted in the filing of the first suit herein mentioned on March 10, 1952, in Collingsworth County by the Wellington bank against the Wichita bank only, suing it for the return of $15,574.23, the amount of the two said checks. The next day thereafter on March 11, 1952, the Altus bank of Jackson County, Oklahoma, filed the other suit herein mentioned in Wichita County against both the Wellington bank and the Wichita bank for the same sum of $15,574.23, the amount of the two said checks. In the latter suit the Wichita bank answered on March 15, 1952, as an interpleader, and interpleaded the other two banks as well as both payees named in the checks, Albert Scoggins and Frank Brock, both of Jackson County, Oklahoma. The said bank further admitted having the funds in question, tendered the same into the Wichita County District Court, which court it alleged it had, as an interpleader, selected as a suitable forum to hear and dispose of the issues raised. It further sought successfully, after a hearing was had in the District Court of Wichita County on April 4, 1952, to enjoin the Wellington bank from further prosecuting the suit filed in Collingsworth County until the interpleader action could be heard and adjudicated in the District Court of Wichita County. A notice of appeal from the injunction order was given but we are not informed whether or not the Wellington bank is perfecting the appeal. The Wichita bank on March 26, 1952, likewise answered in the Collingsworth County suit alleging it was only a stakeholder of the funds in question and had tendered the same as an interpleader in the Wichita County suit and had selected the court of that county as a suitable forum in which to try the issues raised. It there prayed that further proceedings be abated in that court until the interpleader action could be heard and disposed of by the District Court of Wichita County and it further pleaded in the alternative that the District Court of Collingsworth County require other interested parties to be made party defendants to the action there pending. On April 4, 1952, the Wellington bank filed two pleas of privilege in the District Court of Wichita County seeking to have venue established in Collingsworth County and the record reveals that such pleas were being controverted and issues therein joined by proper parties.

On March 27, 1952, respondent herein, Judge Gribble, set cause number 3564 pending in Collingsworth County for trial on the merits on April 7, 1952. Upon being advised on that date of the issuance of the temporary injunction restraining the Wellington bank from prosecuting the suit in his court, Judge Gribble declined to proceed with the trial of the said cause during the pending of such injunction.

With permission of the members of this court had, relator filed his said proceedings in this court, which temporarily restrained all parties from further proceedings in either of the said courts until a hearing could be had on the issues presented here. This court set the action pending here for a hearing on Wednesday morning, April 23, 1952, and all of the interested parties were

accordingly served with notice thereof. All parties answered and made their appearances by their respective attorneys at which time arguments were heard by this court.

The record reflects that an attempt was made to settle the existing differences before any suits were filed. But, upon failure to settle such differences, it appears that both banks claiming the funds in question raced to see who could file a suit first. Suit was filed first in the 100th District Court of Collingsworth County by approximately 24 hours and service was had upon the party defendants in each of the suits filed within a few hours apart. In the action here pending it appears that both district courts have potential jurisdiction and that neither court would be an improper forum to hear and determine the issues presented. The material question at issue here is which court, under the existing facts and circumstances, should be permitted to exercise active jurisdiction in hearing the case on its merits. All parties seem to recognize the fact that the venue question is one of vital importance and they all cite authorities holding that a stakeholder, who holds funds claimed by other parties and there is a reasonable doubt as to the rightful claimant thereof, has the right to select the forum in which the controversy is to be litigated so long as the suit is maintained in the county of the residence of one of such claimants. Among other authorities cited and relied on primarily by all parties is the case of V. D. Anderson Co. v. Young, 128 Tex. 631, 101 S.W.2d 798, 800. The Supreme Court there said:

> "It is the general rule in this state that where a suit has been first filed in a court of competent jurisdiction, and such court has all necessary parties before it, or has the power to bring them before it, it has the prior right to exercise active jurisdiction of such case, and no other court in this state in which such suit is subsequently filed has the right to interfere."

But the court there further held that the said general rule may not always apply, and it digressed from the general rule in that case, or relaxed the same at least, because of the existence of extenuating circumstances.

It appears to us that the Altus bank is a necessary party to the trial of the case on its merits and the two payees in the two checks in question, Scoggins and Brock, are proper parties, if not necessary parties thereto. All of the said parties are nonresidents of Texas. They are not parties to the Collingsworth County suit but they, together with the Wellington bank and Wichita bank, are all parties to the Wichita County suit. It therefore appears that all of the proper and necessary parties are before the court in Wichita County. Normally the next order of procedure of the court in Wichita County would be to hear and determine the venue issues before it. If the pleas of privilege are sustained, the case, together with all of the necessary parties, will be transferred to Collingsworth County and all parties will be there before that court, a suitable and proper forum, for every purpose. If the pleas of privilege are not ultimately sustained, all necessary parties will still remain before the court of Wichita County for every purpose and that court is not an improper or an unsuitable forum to finally hear and determine the issues presented.

In as much as relator has placed in issue the venue question and all parties seem to consider it a question of vital importance, we are inclined to agree with such views and we are of the opinion further that the venue issues are not for us to determine here. However, the venue issues, if determined, should be determined before either court should exercise active jurisdiction in hearing the case on its merits. Because of the state of the record before us, it is our opinion that whichever court has proper venue should likewise have active jurisdiction to determine the merits of the case. For that reason we hereby dissolve and revoke all temporary restraining orders previously issued by this court, leave the parties where we found them and adjudge the costs of this proceeding against relator, City State Bank in Wellington.