ACCEPTED
05-15-01114-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
9/15/2015 3:05:55 PM
LISA MATZ
CLERK

05-15-01114-CV

No._____

IN THE COURT OF APPEALS
FOR THE FIFTH JUDICIAL DISTRICT
DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
9/15/2015 3:05:55 PM
LISA MATZ
Clerk

_____

IN RE TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, GREAT AMERICAN INSURANCE
COMPANY AND MICA CORPORATION

*RELATORS*

_____

FROM THE 95th DISTRICT COURT, DALLAS COUNTY, TEXAS,
CAUSE NO. DC-15-04399, HON. KEN MOLBERG, PRESIDING

_____

**RELATORS' EMERGENCY MOTION FOR TEMPORARY ORDER
STAYING ALL PROCEEDINGS IN THE TRIAL COURT PENDING
RESOLUTION OF THEIR PETITION FOR WRIT OF MANDAMUS**

_____

RYAN LOGAN VALDEZ
Texas Bar No. 24037627
rvaldez@canteyhanger.com
J. FRANK KINSEL, JR.
Texas Bar No. 11488700
jkinsel@canteyhanger.com
BRIAN BRISCO
Texas Bar No. 24073957
bbrisco@canteyhanger.com
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, TX  76102
Telephone:  (817) 877-2800
Facsimile:  (817) 877-2807
*Attorneys for Relator Travelers
Property Casualty Company of
America*

KEVIN SEWELL
Texas Bar No. 00789619
sewell@mdjwlaw.com
MICHAEL J. WATSON
Texas Bar No. 24008246
watson@mdjwlaw.com
**MARTIN, DISIERE, JEFFERSON &
WISDOM, LLP**
Tollway Plaza One
16000 N. Dallas Parkway, Suite
Dallas, Texas 75248
Telephone: (817) 877-2847
Facsimile: (817) 333-2947
*Attorneys for Relator Great
American Insurance Company*

JEFFREY JACK WOLF
Texas Bar No. 21849012
jwolf@wolflawpc.com
Jack D. Ormond
Texas Bar No. 24037217
jormond@wolflawpc.com
**THE WOLF LAW FIRM, P.C.**
1360 North White Chapel Blvd.
Southlake, Texas 76092
Telephone: (817) 552-9653
Facsimile: (817) 552-0300
*Attorneys for Relator MICA
Corporation*

TO THE HONORABLE COURT OF APPEALS:

Come now Relators, Travelers Property Casualty Company of America, Great American Insurance Company and MICA Corporation (collectively "Relators") and, pursuant to TEX. R. APP. PROC. 52.10, file their Emergency Motion for Temporary Order Staying All Proceedings in the Trial Court Pending Resolution of Their Petition for Writ of Mandamus and would respectfully show as follows:

On August 16, 2015, the trial court signed an order denying Relators' Motion to Transfer Venue. Relators' Motion demonstrated that venue was mandatory in Fannin County under Tex. Civ. Prac. & Rem. Code Ann. sec. 15.019. Relators have filed contemporaneously with this emergency motion a Petition for Writ of Mandamus seeking review of the trial court's denial of their Motion to Transfer Venue.

As a result of the pendency of the petition for writ of mandamus, this Court is authorized to grant temporary relief and stay the underlying litigation during the pendency of the appellate proceedings:

> The relator may file a motion to say any underlying proceedings or for any other temporary relief pending the court's action on the petition.

TEX. R. APP. P. 52.10(a).

The court—on motion of any party or on its own initiative—*may without notice grant any just relief* pending the court's action on the petition.

TEX. R. APP. P. 52.10(b) (emphasis added).

Venue has always been regarded as an important right in this State. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex. 1993). "The question of venue is a very material right." *Fulmore v. Benson*, 257 S.W. 697, 701 (Tex. Civ. App.—Austin 1923), *rev'd on other grounds*, 269 S.W. 71 (Tex. Comm. App. 1929, judg't adopted). Indeed, venue is "of vital importance." *City State Bank v. Gribble*, 256 S.W.2d 872, 874 (Tex. Civ. App.—Amarillo 1952, no writ).

In fact, venue is so important that if the court makes an improper venue determination, then "it shall in no event be harmless error and shall be reversible error." TEX. CIV. PRAC. & REM. CODE ANN. sec. 15.064(b) (Vernon 1986). Proper and early resolution of mandatory venue provisions, such as the one applicable in this matter, are of such importance that mandamus proceedings are specifically authorized to enforce those provisions. TEX. CIV. PRAC. & REM. CODE ANN. sec. 15.0642.

The right of a defendant to be sued in a particular county necessarily includes not only the right to have trial conducted there, but also to have all pre- and post-trial issues ruled on in the statutorily prescribed county. Like special appearances, proper venue is of such paramount importance that discovery on

**4**

other issues may be entirely precluded while venue issues are resolved. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999) ("courts may limit discovery pending resolution of threshold issues like venue"); *Miller v. State & County Mut. Fire Ins. Co.*, 1 S.W.3d 709, 716-17 (Tex. App.—Fort Worth 1999, no pet.) (holding that trial court's abatement precluding all discovery while it determined venue issues was not an abuse of discretion).

The question of whether the District Court of Dallas County court is the proper court to adjudicate all the issues in this matter has not yet been resolved by this Court. However, the Real Party in Interest, John Goin, has moved forward with discovery sending 76 or more requests for production to each of the Relators and unilaterally noticing the deposition of Hector Noris, an employee of Relator MICA. MICA has filed a Motion to Quash the Deposition of Hector Noris on several bases. The pre-trial issues related to this or any discovery, as well as the other pre-trial and trial issues associated with this matter, should be decided by a trial court in the proper county, which Relators would show is a district court in Fannin County under a mandatory venue provision.

The trial court proceedings should be stayed so that the parties will be required to submit to the expense and inconvenience of discovery pending resolution of this mandamus. *Lacefield v. Electronic Fin. Group,* 21 S.W.3d 799, 800 (Tex. App.—Waco 2000, no pet.) (discovery stayed during pendency of

interlocutory appeal from order denying special appearance because appellant should not be required to submit to "the expense and inconvenience of discovery pending resolution of his appeal").

A stay of all proceedings below is just relief and is necessary to protect Relators' rights. TEX. R. APP. P. 52.10, 29.3. Relators request this Court to stay all proceedings, including, but not limited to, discovery, the resolution of discovery issues, and trial, during the pendency of and until the conclusion of this mandamus proceeding.

Respectfully submitted,

/s/ Ryan Logan Valdez
RYAN LOGAN VALDEZ
Texas Bar No. 24037627
rvaldez@canteyhanger.com
J. FRANK KINSEL, JR.
Texas Bar No. 11488700
jkinsel@canteyhanger.com
BRIAN BRISCO
Texas Bar No. 24073957
bbrisco@canteyhanger.com
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, TX  76102
Telephone:  (817) 877-2800
Facsimile:  (817) 877-2807
*Attorneys for Relator Travelers*
*Property Casualty Company of*
*America*

/s/ Kevin Sewell
KEVIN SEWELL
Texas Bar No. 00789619
sewell@mdjwlaw.com
MICHAEL J. WATSON
Texas Bar No. 24008246
watson@mdjwlaw.com
**MARTIN, DISIERE, JEFFERSON &**
**WISDOM, LLP**
Tollway Plaza One
16000 N. Dallas Parkway, Suite 800
Dallas, Texas 75248
Telephone: (817) 877-2847
Facsimile: (817) 333-2947
*Attorneys for Relator Great American*
*Insurance Company*

/s/ Jack D. Ormond
JEFFREY JACK WOLF
Texas Bar No. 21849012
jwolf@wolflawpc.com
Jack D. Ormond
Texas Bar No. 24037217
jormond@wolflawpc.com
**THE WOLF LAW FIRM, P.C.**
1360 North White Chapel Blvd.
Southlake, Texas 76092
Telephone: (817) 552-9653
Facsimile: (817) 552-0300
*Attorneys for Relator MICA*
*Corporation*

## CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 52.10(a)/CERTIFICATE OF CONFERENCE

This is to certify that Relators have notified all parties by telephone or facsimile that this motion for temporary relief has been or will be filed and that this motion is opposed.

/s/ Michael Watson
Michael Watson


## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 1313 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

/s/ Michael Watson
Michael Watson

## CERTIFICATE OF SERVICE

This is to certify that on this 15th day of September 2015, a true and correct copy of the foregoing document was served via facsimile to the following counsel:

Linda Dedman
Scott Ball
DEDMAN LAW, PLLC
Meadow Park Tower
10440 N. Central Expressway, Suite 1010
Dallas, Texas 75231
ldedman@coveragelawdallas.com
sball@coveragelawdallas.com

Peter Malouf
The Law Office of Peter G. Malouf
P.O. Box 12745
Dallas, Texas 75225

/s/ Michael Watson
Michael Watson
